## ROUNTREE v. LYDICK–BARMANN CO.
### No. 14195.

Court of Civil Appeals of Texas.
Fort Worth.
March 21, 1941.

Rehearing Denied April 25, 1941.

Frank A. Leffingwell, Robert E. Currie, and Ralph W. Currie, all of Dallas (Leffingwell, Currie & Davis, of Dallas, of counsel), for appellant.

W. S. Margowski, of Fort Worth, for appellee.

SPEER, Justice.

Lydick-Barmann Co., a corporation, to which we shall refer as plaintiff, sued Jay Rountree, doing business as Ozark Motor Lines, to whom we shall refer as defendant, in Justice Court for $149.50, made up of two items, one for $129.50, the value of certain freight alleged to have been misdelivered, and the other for $20, claimed as a reasonable attorney fee, as provided by Article 2226, R.C.S.

The case was tried in the Justice Court and appealed to the County Court at Law No. 2 of Tarrant County, where it was

again tried to the court without a jury, and judgment was entered for plaintiff for $129.50, from which judgment defendant has appealed.

The pleadings were oral but were stated fully in the trial court and brought to us in the statement of facts. By the original and supplemental petitions, plaintiff claims a right of recovery alternatively under three counts. They are, substantially, (a) that on June 28th, 1938, it delivered to defendant, a motor freight carrier, an air conditioning unit for transportation from Fort Worth, Texas, to Little Rock, Arkansas; that defendant accepted the shipment and delivered to plaintiff his bill of lading therefor, in which he contracted to deliver said freight to plaintiff at Little Rock, and to notify Crone Company; (b) that on the date mentioned, defendant received the freight for transportation to Little Rock, Arkansas, consigned by plaintiff at Fort Worth, Texas, to itself as consignee at destination, and issued to plaintiff its "Shippers order" bill of lading, whereby defendant agreed to notify Crone Company at Little Rock, and not to deliver the freight until he received plaintiff's shipper's order bill of lading; and (c) if plaintiff be mistaken in either or both of the preceding counts, as to the nature of the bill of lading, then defendant is estopped to deny that the bill of lading on which this shipment moved was a shipper's order contract, because on June 14th, 1938, he had accepted a shipment from plaintiff to be delivered in another state, on the same kind and form of bill, and both he and plaintiff had understood and treated it as a shipper's order bill, and plaintiff relied upon defendant's said acts in receiving from him the bill of lading in this suit. The freight was delivered to Crone Company at Little Rock by defendant, without demanding or receiving the original bill of lading endorsed by plaintiff. On account of the delivery to Crone Company, plaintiff lost the value of its merchandise, alleged to be $129.50.

In so far as is necessary to state, defendant's answer consisted of a general denial and specially that the contract of shipment was in writing and was fully performed by him; that he had delivered the merchandise in conformity with the contract and bill of lading under which it moved, and prayed that plaintiff take nothing.

The record before us conclusively shows that plaintiff has its office and domicile at 2611 West Seventh Street, in Fort Worth, Texas, that defendant is a common carrier of interstate freight, under the rules and regulations of the U.S. Interstate Commerce Commission, and the regulations of such Motor Freight Lines as that operated by defendant. That the shipment was received by defendant at the time alleged and it issued its bill of lading therefor, which on its face was captioned, "Uniform Motor Carrier Straight Bill of Lading—Original—Not Negotiable—Domestic." The bill acknowledged receipt of the freight from plaintiff at its street address in Fort Worth, Texas, "Consigned to Lydick-Barmann Company (plaintiff), destination 616 street, Louisiana City, Little Rock County, Ark. State. Notify Crone Company." The bill of lading described the merchandise, was signed by both plaintiff and defendant, acting through their respective agents, and was endorsed in blank by plaintiff. The undisputed evidence further shows that plaintiff has no office or agent at the street address in Little Rock, as given in the bill of lading. The merchandise was delivered to Crone Company. Because of this delivery by defendant the plaintiff lost the value of its goods, shown to be $129.50.

We do not believe that plaintiff's right of recovery is dependent upon whether or not the bill of lading under which the shipment moved was a shipper's order billing. It is clear that if it was a shipper's order contract, which would obligate the defendant (the carrier) not to deliver the merchandise until the endorsed bill of lading was produced and delivered to him, and delivery was made as in this case, without obtaining the bill, there would be liability. As we view it, we need not determine whether or not it was a shipper's order contract, although under one count in plaintiff's pleadings, it is claimed to be such. In support of this contention, one of plaintiff's officers testified that when defendant's agent called for the freight, he was informed that plaintiff had "an order notify shipment for him." The agent furnished the blank bill of lading that was used; the plaintiff endorsed the bill of lading and attached a draft on Crone Company for the purchase price of the merchandise, and sent both to a Little Rock bank for collection and delivery of the bill of lading; the draft was not paid; and both were returned to plaintiff. The bill of lading, as above indicated, contained the words, "Notify Crone Company". The word "notify" in bills of lading is only re-

quired by the U. S. ICC Act, in shipper's order contracts. The rules also require that "straight" billing contracts be printed on white paper and that "Shipper's Order" contracts be printed on yellow paper. See "National Motor Freight Classification No. 3", issued February 21st, 1938, pages 149A and 152A, introduced in evidence by defendant. The bill in this case was printed on yellow paper, and was endorsed by the shipper, which is only required in "Shipper's Order" bills of lading. Upon the other hand, the "Classification Rules" referred to provide that straight bills shall read: "Consigned to" some person, firm or corporation (plaintiff in this case) while a shipper's order bill of lading is required, among other things, to provide for the name and address of the consignor, and consigned to "the order of" the person, firm or corporation named as consignee. As stated above, we find it unnecessary to discuss in detail the nature and effect of the two classes of bills of lading executed in shipments of interstate freight.

■ The undisputed facts in this case entitled plaintiff to recover, as we view the law applicable. The defendant insists that the bill of lading under which the shipment moved was a straight bill. It has all of the elements of such, except that it was on yellow and not white paper, and contains the expression, "Notify Crone Co.". These are elements of a shipper's order bill. They do not destroy the fact that it could be properly classed as a straight bill.

■ Defendant urges under proper assignments that the term "notify Crone Co." was equivalent to the expression, "Consigned to" a named person "in care of" another, as is often used in straight bills. Our courts have held that when a bill names the consignee "in care of" another person, such other person is held to be the named agent of the consignor for delivery of the merchandise, and that delivery to that person is delivery to the consignee. See City Nat. Bank of El Paso v. El Paso & N. E. R. Co. et al., Tex.Civ.App., 225 S. W. 391, writ of error refused, affirmed by U. S. Supreme Court, as reported in 262 U. S. 695, 43 S.Ct. 640, 67 L.Ed. 1184. We have not been cited to any case, nor from an independent search have we found where any court has construed the two expressions as synonymous. It is perceivable why, if one is directed to deliver an article to another in care of one named, that de-

livery to the latter would be a compliance with the contract, but the same course of reasoning would not produce the same result when instructions are given to deliver to a certain person, notify another. This conclusion is emphasized by the fact the word "notify" as used in a bill of lading is only required when a shipper's order contract is made. In formulating the respective requisites of bills of lading, some significance must be given to the requirement that a shipper's order bill must contain the word "notify".

■ For purposes of this appeal, we are construing the bill of lading in this case as a straight bill. The goods were consigned by plaintiff to itself, at Little Rock, Ark. U.S.C.A. 49, Sec. 82, provides: "A bill in which it is stated that the goods are consigned or destined to a specified person is a straight bill." When goods are so shipped the carrier is bound by the provisions of Section 88 of the same Code, which reads: "A carrier, in the absence of some lawful excuse, is bound to deliver goods upon a demand made either by the consignee named in the bill for the goods or * * *." The carrier is justified in making delivery, under Section 89, 49 U.S.C.A. to, "(a) A person lawfully entitled to the possession of the goods, or (b) the consignee named in a straight bill for the goods". If delivery is made by the carrier under any other conditions than those provided, and the consignor suffers a loss on account thereof, the carrier is liable. Estherville Produce Co. v. Chicago, R. I. & P. R. Co., 8 Cir., 57 F.2d 50.

It is conceded by defendant that this was a straight bill of lading; that he delivered the goods to Crone Company, named in the bill as the party to be notified. In this way, defendant earnestly insists that he has performed his contract of shipment. In his brief he emphasizes the contention with many concrete, positive assertions, such as: "The contractual obligations of appellant (defendant) in this case were in writing; were introduced in evidence by the appellee (plaintiff), and the record abundantly demonstrates beyond question that the obligations imposed upon the appellant by the contract of carriage were faithfully and literally performed. * * * The appellant can be held liable only for the performance of the contract which was actually entered into. He may not be called upon to answer for a breach of a contract which he did not execute. He

may not be called upon to respond in damages because he did not do something which the appellee desired, but which was not put into the contract. The appellee must stand upon the contract as written. * * * The fact is that the parties entered into a written contract which has been fully performed." As indicated, the defendant insists that the written contract of shipment (the bill of lading) was binding alike on both the plaintiff and defendant, and since he had fully performed the contract as written, he should not be called upon to respond in damages because of a loss sustained by the plaintiff.

Defendant's contention that he had "literally" and "definitely" carried out the terms of the written contract between the parties, is based upon what we believe to be an erroneous hypothesis—that delivery of the shipment to Crone Company, named as the one to be notified, was delivery to the consignee named in the bill of lading, which was the contract of shipment. Lydick-Barmann Co. (plaintiff) was the consignee in the contract. It was likewise the consignor. It was the owner of the merchandise at all times and was entitled to possession at destination. The fact that consignee had no office or place of business at Little Rock, rendering it impossible for defendant to make physical delivery of it then and there, presented no insuperable difficulty. Defendant had consignor's—consignee's—street address at Fort Worth, Texas, and when defendant found that it could not deliver the freight to the consignee, as he had promised to do, immediate notice should have been given to the consignor. It was not sufficient for defendant to choose to deliver the goods to some one else not entitled to possession. Estherville Produce Co. v. Chicago, R. I. & P. R. Co., 8 Cir., 57 F.2d 50, 55.

In a case similar to this, it was said, in North Pennsylvania Railroad Co. v. Commercial Nat. Bank, 123 U.S. 727, 8 S. Ct. 266, 270, 31 L.Ed. 287: "If the consignee is absent from the place of destination, or cannot, after reasonable inquiries, be found, and no one appears to represent him, the carrier may place the goods in a warehouse or store with a responsible person to be kept on account of and at the expense of the owner. He cannot release himself from responsibility by abandoning the goods, or turning them over to one not entitled to receive them."

There was evidence introduced by plaintiff tending to support its contention that defendant was estopped to deny that the bill of lading issued was one of shipper's order; this theory was based upon oral testimony of one of plaintiff's officers and certain written documents, but we find it unnecessary to discuss that phase of the case, or to pass upon it, since the undisputed evidence shows that defendant did not deliver the goods at destination to the consignee named in the bill, nor to any one entitled to possession, but that delivery was made to Crone Company. These uncontroverted facts, along with evidence of the value of the freight, support the court's judgment.

Finding no error in the record, all assignments of error are overruled, and the judgment is affirmed.