MAX KESSELMAN *d.b.a.* SOUTHERN RAIL & EQUIPMENT COMPANY *vs.* MID-STATES FREIGHT LINES, INC.

AUGUST 8, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an action in assumpsit to recover damages for failure to deliver certain goods in accordance with a bill of lading. It was tried in the superior court before a justice sitting without a jury and resulted in a decision for the defendant. The case is here upon plaintiff's exception to that decision.

The facts, which are undisputed, may be summarized as follows. The plaintiff, of Knoxville, Tennessee, caused Brass & Copper Sales Company of Indianapolis, Indiana, to obtain from the defendant, a motor carrier, a bill of lading for two "skids" of aluminum sheets consigned to "Southern

Rail & Equip Co. [plaintiff]—Notify—Americana Reclaiming Co. 3070 Post Road. Destination Apponaug State of Rhode Island." The plaintiff had no place of business in that community or elsewhere in this state. The original bill of lading with a sight draft for the purchase price of the goods in the sum of $1576.94 drawn upon Americana Reclaiming Company, hereafter called Americana, was sent by the plaintiff to a Providence bank for collection. The draft was not paid.

When the goods arrived at the plant of Americana in Apponaug an official of that corporation instructed the carrier to "Bring in the skids of aluminum." Upon delivery of the goods, Americana signed a receipt therefor and paid the freight charges but it retained its copy of the bill of lading. The uncontradicted evidence is that on a nonnegotiable straight bill of lading, such as the one here involved admittedly was, the custom is for the carrier to "deliver the shipments without receiving anything from the consignee other than his signature on our delivery receipt."

It is further undisputed that after the occurrences just mentioned plaintiff received and accepted a payment, apparently in the sum of $200, from Americana on account of the purchase price of the goods. Shortly thereafter Americana went into receivership, whereupon the plaintiff filed a claim for the unpaid balance of the purchase price, which claim was allowed in full by the receiver. When the latter could not pay such claim the plaintiff brought the instant case against the carrier for failure to deliver the goods in accordance with the bill of lading.

On the facts herein outlined the trial justice, after finding that plaintiff intended delivery of the goods to Americana and that he knew all the facts concerning such delivery, decided for the defendant. The plaintiff contends that this was error because under "Notify" in the bill of lading defendant had notice that the person so designated was

not the consignee of the goods and that, since it had failed to obtain the duplicate bill of lading from the person to be notified, the delivery to Americana was a wrongful delivery in law which entitled him to recover damages from the carrier in the amount of his loss. In support of that proposition he cites various cases, relying principally on *North Pennsylvania R.R.* v. *Commercial Bank of Chicago,* 123 U.S. 727, *Furman* v. *Union Pacific R.R.,* 106 N.Y. 579, and *Rountree* v. *Lydick-Barmann Co.,* Texas, 150 S.W.2d 173. But while those cases support the plaintiff's contention they are clearly distinguishable in their facts from the instant case.

Assuming that the delivery to Americana was in violation of the direction in the bill of lading and that in the absence of supervening circumstances the defendant was liable, yet the distinguishing factor between the cases cited and the one at bar is the conduct of the plaintiff here with reference to such alleged improper delivery *after* the goods were delivered to Americana. With full knowledge of the circumstances attending such delivery and further knowing that the draft for the shipment of aluminum so delivered had not been paid, plaintiff saw fit first to accept the aforesaid sum of $200 from Americana in part payment of the contract price for that merchandise, and later, when Americana went into receivership, he filed and proved his claim for the unpaid balance. In his attempt to impose liability on the carrier the plaintiff in his argument to us practically ignores all the evidence with reference to his conduct *after* delivery of the goods to Americana.

It is clear from the rescript of the trial justice that he rested his decision for the defendant on the ground that plaintiff by conduct had ratified the delivery to Americana. In our judgment he applied the correct rule of law to the undisputed facts of record. Broadly speaking, ratification means the adoption or confirmation by one person of an act performed on his behalf by another without authority.

It is generally held that to constitute a valid ratification, which may appear in express language or be implied from conduct, the principal ordinarily must have full knowledge of all the material facts and circumstances relating to the unauthorized act at the time of confirmation. 2 C.J.S., Agency, §§34, 42. As this court said in *Brumbaugh System, Inc.* v. *Providence Live Poultry Co.*, 47 R. I. 39, at page 41, "* * * subsequent ratification of a contract may bind a principal as effectively as prior authorization."

The recent case of *Bond Rubber Corp.* v. *Oates Brothers, Inc.*, 136 Conn. 248, which the plaintiff merely cites for the proposition that to constitute the ratification of a wrongful delivery by a carrier there must be an intent to ratify, is strongly against him in the application by the court of that well-recognized principle of law to the facts there under consideration. That case concerned two C.O.D. shipments of merchandise on different dates. Upon delivery of the goods the carrier, instead of demanding payment in cash or its equivalent, took an uncertified check in each instance from the consignee. The plaintiff accepted those checks, marked the respective accounts "paid," and deposited the checks in a bank. When they were not paid the plaintiff sued the carrier for wrongful delivery of the goods. On such facts the court held that the carrier was not liable as the plaintiff, with full knowledge of all the material circumstances, had accepted and therefore intentionally ratified the unauthorized act of the carrier.

The factual situation in the *Bond Rubber Corp.* case is analogous to the one in the case at bar. On the record before us we find no error in the decision of the trial justice.

The plaintiff's exception to the decision is overruled; and the case is remitted to the superior court for entry of judgment on the decision.