MISTLETOE EXPRESS
SERVICE, Appellant,

v.

Eugenio SANCHEZ, Arturo Villarreal,
and Jerry Axton, Appellees.

No. 13–86–138–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 30, 1986.

Rehearing Denied Nov. 26, 1986.

Robert A. Whittington, Sanchez, Whittington, Sanchez & Hoffman, Brownsville, for appellant.

Ruben Robles, Horacio Barrera, Brownsville, Gaines Griffin, San Antonio, for appellees.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellee Sanchez brought suit for damages for lost goods. The trial court entered judgment against appellant for $11,-443.95, plus attorney's fees and prejudgment interest. Appellant, Mistletoe Express, brought third party actions against appellees Villarreal and Axton, which resulted in take-nothing judgments. Appellant raises five points of error. We affirm the judgment of the trial court.

Sanchez, a resident of Mexico, bought a new computer system in El Paso and sent the computer to Mary Bossom in Brownsville. Bossom was told to hold the computer for Sanchez. Instead of driving to Brownsville to pick up the computer as Sanchez originally planned, he directed Bossom to ship the computer to San Antonio. From there, Sanchez's friend, Sendejas, was to fly back to Mexico with the computer. Bossom delivered the computer to Mistletoe Express, paid the shipping costs, and designated Arturo Villarreal as the consignee on the bill of lading. Villarreal, a stranger to Sanchez, was an associate of Sendejas. The bill of lading shows Villarreal's address as 7700 Broadway, yet Mistletoe Express delivered the computer to 7701 Broadway. Appellee Axton, who works in the building at 7701 Broadway, signed for the package. Axton is not an associate or agent of Villarreal.

Axton eventually located Villarreal and informed him of the computer's arrival at 7701 Broadway. However, this was approximately a week after its expected arrival and Sendejas had already departed for Mexico. Villarreal walked across the street and identified the computer, but refused to take delivery of the computer. Mistletoe Express was informed of Villarreal's refusal to take delivery, and was directed to return for the computer. It is not clear whether it was Axton or Villarreal that informed Mistletoe Express of Villarreal's refusal to accept delivery. When Mistletoe Express returned to 7701 Broadway for the computer, it was gone. Axton claims a delivery man picked it up.

Appellant, by its first and second points of error, complains that the trial court erred in rendering judgment in favor of Sanchez because Mistletoe Express delivered the computer to Villarreal as contracted.[1] Appellant contends that Villarreal's examination of the computer at 7701 Broadway, albeit the wrong address, constitutes constructive delivery of the computer to Villarreal.

 A common carrier is bound to transport goods with reasonable diligence,

---

1. Appellant's second point of error attempts to raise a point of error complaining of the sufficiency of the evidence to support a "finding of a bailment contract and breach thereof." However, the trial court made no such finding of fact, but did make such a recitation in its judgment. "Recitations in the judgment itself of findings of fact and conclusions of law are not proper and cannot be considered as a substitute for separately filed findings of fact and conclusions of law." *Jones v. Jones,* 641 S.W.2d 342, 344 (Tex.App.—Corpus Christi 1982, no writ); *accord Texas Hauling Contractors Corp. v. Rose Sales Co.,* 565 S.W.2d 240, 244 (Tex.Civ.App.—Corpus Christi 1978, no writ). Therefore, we will consider appellant's second point of error with appellant's first, consistent with appellant's presentation of the points in its brief.

care and dispatch. *Southern Pacific Co. v. H. Rothstein & Sons,* 304 S.W.2d 383, 385 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.). A shipper has a right to have its goods transported and delivered in the usual course of transportation, and the carrier is liable for its failure to do so unless the circumstances prevent such transportation and delivery. *Id.* Mistletoe Express was bound to deliver the computer *as desired by the shipper* or, if unable to do so, to deposit the computer in a safe and suitable place. *See Missouri Pacific Railway Co. v. Haynes,* 72 Tex. 175, 10 S.W. 398, 400 (1888); *Rountree v. Lydick-Barmann Co.,* 150 S.W.2d 173, 176 (Tex.Civ.App.—Fort Worth 1941, writ dism'd). The computer was neither delivered to Villarreal in the usual course of transportation nor as desired by the shipper. The mere examination of the computer by Villarreal did not constitute a constructive delivery, and Villarreal had the right to refuse delivery. Villarreal was entitled to possession at destination, and it was not sufficient for Mistletoe Express to deliver the goods to someone not entitled to possession. *Rountree,* 150 S.W.2d at 176; *see* TEX.BUS. & COM. CODE ANN. § 7.403 (Tex.UCC) (Vernon 1968). We overrule appellant's first and second points of error.

■ Appellant, by its third point of error, complains that the trial court erred in rendering judgment in excess of $10,-000.00, which was the shipper's declaration of value on the bill of lading. TEX.REV. CIV.STAT.ANN. art. 883 (Vernon Supp. 1986) provides that carriers shall not limit or restrict their liability, except when expressly authorized or required by order of the Railroad Commission of Texas to establish and maintain rates dependent upon the shipper's declaration of value.[2] Such a declaration shall have no effect other than to limit liability and recovery to an amount not exceeding the value declared. However, Mistletoe Express failed to plead article 883 or any regulations of the Railroad Commission. The limitation of liability pursuant to article 883 is a matter constituting

an avoidance or an affirmative defense, and failure to specifically plead results in a waiver of that defense. *See* TEX.R.CIV.P. 94. We overrule appellant's third point of error.

Appellant, in its fourth point of error, complains of the trial court's failure to award Mistletoe Express a judgment in its third-party action against Villarreal. This point of error is conditioned upon a determination that Mistletoe Express effected a delivery of the computer to Villarreal. We previously held that Mistletoe Express failed to effect a delivery. Therefore, appellant raises no error for consideration by this Court under its fourth point of error.

■ Appellant, in its fifth point of error, complains that:

The Trial Court erred in rendering judgment that Defendant Mistletoe take nothing against Third Party Defendant Axton for the reason that the great weight of the credible evidence showed that the goods, after being accepted by Third Party Defendant Axton, were retained by him or in the alternative, he failed to exercise due care in regards to the care, custody or disposition of the goods.

Appellant appears to be attacking the sufficiency of the evidence regarding a third-party claim against Axton. However, the trial court's findings are silent as to the retention of the computer by Axton or negligence in his "disposition" of the computer, nor did appellant specifically request such additional findings. Not having done so, appellant waived the right to complain of the trial court's failure to make such findings. *Lettieri v. Lettieri,* 654 S.W.2d 554, 556 (Tex.App.—Fort Worth 1983, writ dism'd); *Flintkote Supply Co. v. Thompson,* 607 S.W.2d 41, 42 (Tex.Civ.App.—Beaumont 1980, no writ); TEX.R.CIV.P. 298.

■ Further, although appellant's third party pleadings allege that Axton retained the computer, they do not allege that Axton was negligent, or grossly negligent, in his "disposition" of the computer. Axton

2. *See also* TEX.BUS. & COM.CODE ANN. § 7.309(b) (Tex.UCC) (Vernon 1968).

is only answerable for gross negligence as a gratuitous bailee, where the bailment is for the sole benefit of the bailor. *Greater Southwest International Airways, Inc. v. Arlington Executive Air, Inc.*, 432 S.W.2d 740, 743 (Tex.Civ.App.—Fort Worth 1968, no writ). There is no evidence in the record that shows Axton retained the computer. The only evidence regarding the whereabouts of the computer is that a "deliveryman" picked up the computer. Appellant's fifth point of error is without merit and overruled.

We affirm the judgment of the trial court.