DECISION
This matter comes before the Court on cross motions for summary judgment. This Court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.
The facts in this matter are not in dispute. Plaintiffs, James A. Ryan and Betty J. Ryan, are the owners of condominium Unit 9 in the Antique Corner Condominium, 40 Franklin Street, Newport, Rhode Island. The defendants own various units in this condominium complex and are also members of the Management Committee, which is charged with the responsibility of operating and managing Antique Corner Condominium. On March 24, 1982 the same day that the plaintiffs purchased their condominium, Mr. Donelson Glassie, president of the Management Committee wrote plaintiffs a letter stating that they "and all future owners" of their unit were entitled to one half of the parking spaces. On October 2, 1994, the Antique Corner Condominium Association voted to revoke the plaintiffs right to use the parking space and have since prevented plaintiffs' use. Plaintiffs bring this action seeking terms of the Parking Contract, seeking an injunction against the Defendants from interfering with Plaintiffs' lawful use of the parking space, seeking damages, and seeking the imposition of a constructive trust.
The record includes a copy of the letter addressed to "Mr. And Mrs. James A. Ryan, Jr. . . . and all future owners of Unit No. 9 in Antique Corner Condominium." Plaintiffs' Exhibit A.
This letter reads:
 "As President of the Antique Corner Condominium Association Management Council, in behalf of said association, you, and all future owners of Unit No. 9, are entitled to use one-half (1/2) of the existing parking spaces, which shall be appurtenant to Unit No. 9, such use to be free of charge, and to be in conjunction with use of the remaining portion of said parking spaces by one other unit owner, as the same may be assigned by the Management Committee. Sincerely yours, Antique Corner Condominium Association Management Committee."
This letter, signed by Donelson C. Glassie in his capacity as president of the Antique Corner Condominium Association Management Committee, is dated March 24, 1982, the same day that the plaintiffs bought their unit.
Plaintiffs argue that this letter represents a valid and binding contract under which they received the designated use of a particular parking space. "The language clearly gives the Ryans the tight to the use of the parking space and such right shall continue for the benefit of all the future owners of unit No. 9. The language is unambiguous. The right is intended to continue permanently." Plaintiffs' Memorandum In Supportof Plaintiffs' Motion For Summary Judgment, 2.
Plaintiffs state that at the time this letter was written, the Condominium Association was experiencing difficulty selling its residential units. They argue that the offer of perpetual use of the designated parking space was intended to (and in fact did) induce the Ryans into purchasing a unit. Citing Article V, section 5 of the Association by-laws, Plaintiffs also assert that the Management Committee is endowed with the authority to make such a grant. This section reads:
 "As provided in the Declaration of the Condominium, the Management Committee may, from time to time, assign parking spaces to particular Unit Owners. Such parking shall be so assigned for such periods and for such monthly charges as the Management Committee may, in its reasonable discretion, determine, all such charges to constitute common funds upon receipt by the Management Committee. All such designation and assignments shall be made on a fair and equitable basis, taking into account the reasonable needs of particular Unit Owners." Plaintiffs' Exhibit A.
The defendants cite this same passage in support of the opposite position. The defendants make two arguments.
 "The letter violates the provision of the By-laws which provides that the Management Committee may allocate the use of the parking space from time to time. The letter does not constitute a valid amendment to the ByLaws.... Secondly there is no question that each unit owner of the condominium is entitled to an undivided interest in the common areas and facilities, which would include the parking spaces.... The permanent allocation of a portion of the parking space to the Plaintiffs constitute a change in the character of that common area by making it part of the Plaintiffs' unit"
This section states that the association may assign parking spaces to particular units from time to time. Twelve years ago, they exercised this authority and assigned one of those spaces to Unit 9. Until plaintiffs' purchase, the residential units were not selling and the economic stability of the Antique Corner Condominium Association was in jeopardy. It is to be assumed that in so designating (an honoring) such assignment the association took into account the reasonable needs of not only the particular unit owners, but also of the association itself. The plaintiffs' purchase benefited both themselves and the Association.
Basic agency principles further support of Court's decision that the Committee is bound by this contract. Mr. Glassie, in his capacity as President of the Association was serving as the Association's agent for the purpose of selling residential units. He had the apparent if not actual authority to enter into an arrangement such as the one he offered plaintiffs.
An agent's apparent authority to contract on behalf of his principal arises from the principal's manifestation of such authority to the party with whom the agent contracts. 1 Restatement (Second) Agency § 8 (1958). Such manifestation by the principal to the third person need not be in the form of a direct communication to the third person. The third person with whom the agent contracts must simply believe that the agent has the authority to bind its principal to the contact. 1 Restatement (Second) Agency § 8, comment at 30-31. In this case, Mr. Glassie did not make this offer merely as an individual, he represented that he was acting on behalf of the association in his capacity as its president.
If the defendants believed that Mr. Glassie had exceeded his authority by making the agreement now at issue, they were in a position, at some time soon after the issuance of the aforementioned letter, to contest the permanent grant of the parking space. The Committee, however, chose not to exercise that right. Action of some type was required in such a situation had they not intended to honor the offer and their silence constituted ratification of Mr. Glassie's agreement with plaintiffs. Ratification means the adoption or confirmation by one person of an act performed on his behalf by another without authority and it is generally held that to constitute valid ratification, either by express language or by implied conduct.
Affirmance or ratification may be established by any conduct of the purported principal manifesting that he consents to be a party to the transaction or by conduct. Restatement (Second) Agency § 93 at 240. Rhode Island has recognized the doctrine of ratification where a principal has knowledge of the facts and accepts a benefit even when the act of the agent may have been unauthorized. Kesselman v. Mid-StatesFreight Lines, Inc., 78 R.I. 518, 520, 82 A.2d 881, 882 (1951); Beckwithv. Rhode Island School of Design, 404 A.2d 480 (R.I. 1979).
This Court is hard pressed to recall a clearer case of ratification. In fact, an argument might be made that the plaintiffs obtained a right to this patting spot through adverse possession as the statutory time frame for that action is only ten years. While the court may sympathize with the situation in which the association now finds itself, the facts as presented by the record support the Court's decision that it is neither equitable nor supported by legal authority to simply strip these plaintiffs of a right they have exercised without interruption for twelve years.
For the aforementioned reasons, the plaintiffs' motion for summary judgment is granted and the defendants' motion denied.