**STRICKLAND TRANSPORTATION COMPANY, Appellant,**

**v.**

**CUMMINS SUPPLY COMPANY, Appellee.**

**No. 17337.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 1, 1972.

McCracken, Smith & Shields, and H. C. McCracken, Dallas, for appellant.

John M. Groce, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This appeal by appellant, Strickland Transportation Company, is from a judgment in the County Court at Law of Tarrant County, Texas, in favor of appellee, Cummins Supply Company, for $137.50. Appellee alleged appellant caused damage to certain cargo which appellant had moved from Jeannette, Pennsylvania, to Fort Worth, Texas.

On appeal it is asserted that the court erred (1) in awarding judgment for plaintiff because there is no evidence in this record concerning the condition of the shipment at the time it was delivered to the initial motor carrier; (2) the plaintiff has failed to offer any evidence concerning the care and handling given the shipment between the time it was delivered to the premises of the plaintiff on November 6, 1970, and the date the damage was discovered on November 9, 1970; and (3) a judgment based upon no-evidence will not be permitted to stand and calls for reversal and rendition.

We reverse and remand.

This is a suit by the consignee, Cummins Supply Company, for damages to five 12″ x 20″ N. Amber crackle glass cylinders shipped from Jeannette Shade and Novelty Company, Jeannette, Pennsylvania, delivered to the initial carrier, Suwak, on November 2, 1970, and delivered to the consignee-plaintiff in Fort Worth, Texas, on November 6, 1970. The initial carrier, Suwak, signed the shipper's bill of lading and pursuant thereto, accepted the shipment subject to the terms and conditions of the bill of lading, "From Jeannette Shade and Novelty Company, P. O. Box 99, Jeannette, Pennsylvania 15644, dated November 2, 1970. The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked consigned, and destined as indicated below, . . . ." It is agreed that appellant is responsible for the acts of Suwak. There was no evidence of damage at the time of delivery to consignee in Fort Worth on November 6, 1970, and consignee signed a delivery receipt which stated, "Received above in good order except as noted." On November 9, 1970, three days after delivery, the consignee called Strickland Transportation Company, reported damage, and requested inspection. A representative of Strickland Transportation Company inspected the damaged shipment on November 10, 1970, and found the damage complained of. The evidence consisted of testimony of plaintiff's Freight Claims and Credit Manager, Ray I. Guttenfelder, and defendant's Claim Agent, John Vatsures. Mr. Guttenfelder assumed his duties with plaintiff in April of 1971, five months after the shipment had been delivered. Therefore, he was not present when the shipment was delivered to the plaintiff or at the time the damage was discovered by plaintiff. Mr. Guttenfelder's testimony consisted of identifying the six exhibits offered by plaintiff·from the records kept in the normal course of business of plaintiff corporation.

■ There is no testimony in the record as to the condition of the cargo at

the time it was delivered to Suwak in Pennsylvania. There is no presumption created that the contents are in good condition when delivered to the common carrier. When a consignee opens a carton or package and discovers damage, after accepting delivery and acknowledging that the shipment is in good condition, it must show that the shipment was in good condition when delivered to the carrier in order to place liability on the carrier. Additionally, when a consignee seeks to recover from a common carrier under these circumstances it must prove that damage did not occur after the goods were received by consignee.

Based upon our examination of the entire record in this cause we find and hold that the appellee failed to prove that the shipment was in good condition when delivered to the motor carrier and failed to show that the shipment was not damaged in consignee's warehouse after delivery by the motor carrier on November 6, 1970.

The case of Matthews-Carr v. Brown Exp., 217 S.W.2d 75 (El Paso, Tex.Civ. App., 1948, no writ hist.) involved the common carrier's acknowledgment upon accepting goods for transport and signing a bill of lading reciting that the goods are received " 'in apparent good order except as noted (contents and condition of contents of package unknown).' " There the court said: "Such recital was not evidence as to the actual condition of the gum but only as to the external condition of the boxes in which it was shipped."

A similar holding was made in the case of Texas and Pacific Railway Company v. George, 466 S.W.2d 659 (Fort Worth, Tex.Civ.App., 1971, no writ hist.) which involved concealed damage to a television set.

In order for a consignee or shipper to recover from a motor carrier for concealed damage, i. e., damage which is discovered after packages are opened by consignee, there must be proof that the shipment was in good condition when accepted by the motor carrier.

The exhibits introduced in evidence by appellee reflect that the shipment in question was delivered to appellee in "good condition" on November 6, 1970, and that the motor carrier was notified of concealed damage on November 9, 1970. There is no evidence in the record to show what was done with the shipment between the time of delivery to appellee on November 6, 1970, and the time the damage was discovered on November 9, 1970. The appellee did not offer testimony from any employees who were present when the shipment was delivered on November 6, 1970, or when the damage was discovered on November 9, 1970. Persons employed by appellee on November 6 to November 9, 1970, should have knowledge of the necessary facts, but they were not produced. The only person to testify for appellee was Ray I. Guttenfelder, Freight Claims and Credit Manager for appellee, who assumed his duties five months after the delivery of the subject shipment. Mr. Guttenfelder had no personal knowledge of the incident, but was able only to identify certain of appellee's records which were introduced in evidence.

In holding that there is no evidence as to the condition of the shipment when delivered to Suwak in Pennsylvania and as to the care and handling of the shipment after delivery by appellant in Fort Worth we would ordinarily render the judgment the trial court should have rendered.

In National Life and Accident Insurance Co. v. Blagg, 438 S.W.2d 905 (Tex.Sup., 1969) the court said that, "Under Rule 434, when a Court of Civil Appeals sustains a 'no evidence' point, it is generally the court's duty to render judgment for the appellant because that is the judgment the trial court should have rendered. See Calvert, 'No Evidence' and 'Insufficient Evidence' Points of Error, 38 Texas Law Review 359, 368–69 (1960). Rule 434 also provides, however, that the cause shall be

remanded for a new trial 'when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain * * *.' This phrase has been interpreted to grant to the Courts of Civil Appeals the same discretion this Court has under Rule 505 to remand if 'the justice of the case demands another trial * * *.' Rule 505; London Terrace, Inc. v. McAlister, 142 Tex. 608, 180 S.W.2d 619 (1944); Williams v. Safety Cas. Co., 129 Tex. 184, 102 S.W.2d 178 (1937)."

We remand the cause to the trial court because in our opinion the justice of the case demands another trial. It is undisputed that the shipment in question was damaged. Responsibility for such damage may be ascertained through interrogatories or depositions of personnel at Jeannette, Pennsylvania, and at the appellee's place of business in Fort Worth, Texas.

Reversed and remanded.