Hazel A. BOIES, d/b/a North Star Mobile Homes, Appellant,

v.

B. R. NORTON et ux., Appellees.

No. 12299.

Court of Civil Appeals of Texas, Austin.

July 23, 1975.

Rehearing Denied Sept. 10, 1975.

**652**

John Davenport, Davenport & Davenport, Austin, for appellant.

Victor Valadez, Jr., Austin, for appellees.

SHANNON, Justice.

Appellees, B. R. Norton and wife, Pamela R. Norton, sued appellant, Hazel A. Boies, doing business as North Star Mobile Homes in the county court at law of Travis County for breach of contract to properly deliver a trailer house. Upon trial to a jury, judgment was entered for appellees for $2275.15. We will affirm that judgment.

In their trial petition appellees pleaded that in April of 1973, they purchased the trailer house from appellant for $11,568.50. By the terms of the purchase agreement, appellant agreed to ". . . deliver, block, level and connect water and sewer . . ." to the trailer. All of the evidence was that appellant's agent in delivering the trailer to appellees' lot damaged the rear part of the trailer. The nature and extent of that damage was disputed. Appellees accepted the trailer, and appellant's agents attempted to block and level it. No one was able to block and level the structure to appellees' satisfaction. Appellees concluded, after some time, that the trailer had suffered damage to its frame and was incapable of being leveled, and filed suit against appellant for damages.

■ Appellant attacks the judgment by eight points of error. Points of error numbers one through three, in general, concern the refusal of the trial court to submit three special issues. The requested issues inquired (1) whether the trailer could be repaired, (2) whether appellant offered to repair the trailer, and (3) whether appellees prevented appellant from repairing the trailer. Appellant claims authority for the submission of those issues under Tex.Bus. and Comm.Code Ann. sec. 2.508(a), (b), and appellant claims that affirmative answers to those issues would bar a recovery by appellees.

Section 2.508 provides:

"2.508. Cure by Seller of Improper Tender or Delivery; Replacement

"(a) Where any tender or delivery by the seller is rejected because non-con-

forming and the time for performance has not yet expired, the seller may seasonably notify the buyer of his intention to cure and may then within the contract time make a conforming delivery.

"(b) Where the buyer rejects a nonconforming tender which the seller had reasonable grounds to believe would be acceptable with or without money allowance the seller may if he seasonably notifies the buyer have a further reasonable time to substitute a conforming tender. (59th Legis., Ch. 721, Sec. 2–508.) Acts 1967, 60th Leg., vol. 2, p. 2343, ch. 785, § 1."

Section 2.508 is not applicable to the facts of this appeal. Section 2.508(a) allows the seller whose first tender has been rightfully rejected to make a second conforming delivery if he can do so within the contract time and if he so notifies the buyer. Section 2.508(b) permits the seller a reasonable time to substitute a conforming tender if he had reasonable grounds to believe that his first tender would be acceptable to the buyer and if he seasonably notified the buyer. The appellees *did not* reject the trailer house. Their cause of action was not one for rescission, but instead one for damages for breach of contract.

By three points of error appellant asserts that the court erred in entering judgment for appellees grounded upon the answer of the jury that the value of the trailer house after delivery was $9,293.35 because there was no evidence, or insufficient evidence, to support that answer. The appellees placed into evidence the testimony of Elvis L. Pulley who is an appraiser with Property Damage Appraisers. Pulley testified that upon examination of the trailer house he found some buckling or "warpage" of the frame which had resulted from an impact to the back of the trailer. Pulley noted some damage to the exterior or "skin" of the trailer. Pulley also testified that the overall condition of the trailer house was poor and that there could be more damage which was not apparent to him upon preliminary examination. He was permitted to testify without objection that the trailer could be repaired for the sum of $1,118.30. In addition, Pulley testified that the fair market value of the trailer at a time before the accident occurred was about $9500 to $10,000. After the accident, Pulley estimated that the trailer had a salvage value of about $3500 to $4000.

Appellant called several witnesses who testified that the impairment caused by the impact was minor and that there was no damage to the trailer's frame. Those witnesses were of the opinion that the damage could be repaired for about $125 to $130. Some of the witnesses said that the primary need of the trailer was a proper blocking job. Appellant called Roy Alfred Smith who, upon default by appellees, assumed their note and moved into the trailer house. Smith said that he was satisfied with the trailer and was of the opinion that there was no structural damage.

The general rule for measuring damages to personal property is that the owner may recover the difference between the market value immediately before and immediately after the injury to the property at the place where the damage was occasioned. *Pasadena State Bank v. Isaac,* 149 Tex. 47, 228 S.W.2d 127 (1950). Where the damaged personal property may be repaired the owner of the injured property may recover the reasonable costs of such replacements and repairs as are necessary to restore the damaged article to its condition immediately prior to the injury. *Pasadena State Bank v. Isaac, supra; Merrill v. Tropoli,* 414 S.W.2d 474 (Tex.Civ.App.1967, no writ). Even in those instances where the litigant has pleaded a recovery grounded upon the difference in market value before and after the injury, evidence of the reasonable cost of necessary repairs to the personalty is admissible as bearing upon the difference in the market value. *Horton v. Schultz,* 148 S.W.2d 252 (Tex.Civ.App.1941, no writ).

Having viewed the evidence in its most favorable light in support of the an-

swer of the jury, considering only the evidence and the inferences which support the answer of the jury and rejecting the evidence and inferences which are contrary to that answer, we are satisfied that there was evidence to support the jury's answer. *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696 (1914). And we have considered all of the evidence and have concluded that the jury's answer is not so contrary to the great weight and preponderance of the evidence so as to be clearly wrong.

 Appellant's final points complain of alleged procedural irregularities committed by the court immediately before trail and after the entry of the judgment. An examination of the transcript shows that on the day before the trial commenced, appellees filed their second amended original petition. On the same day appellant filed her second amended original answer which consisted of a general denial and four special exceptions. None of appellant's exceptions was that the petition did not state a cause of action, but instead the exceptions were designed to require the appellees to plead more specifically with respect to what person damaged the trailer, what the person did, the nature of the damages, and the substance of the contract which appellant allegedly breached. We understand the court sustained the exceptions, but no order was entered on that date. Appellees did not amend their petition to meet the exceptions prior to the beginning of the trial.

About two weeks after the entry of the judgment, the court entered an order which recited the fact of the hearing on the special exceptions on the day before the trial and the fact that the court had sustained the exceptions. Also, after judgment the court permitted the appellees to file a "trial amendment" in which appellees pleaded more specifically in response to appellant's special exceptions.

Before being put to trial, appellant had a right to require that appellees file an amended petition curing the deficiencies pointed out by her special exceptions. Appellant permitted the case, however, to proceed to trial without insisting that appellees file an amended petition. If appellant was content to try the case without the amended petition, she now has no grounds for complaint. See *Bednarz v. State,* 142 Tex. 138, 176 S.W.2d 562 (1944); Texas Rules of Civil Procedure, rule 67.

The judgment is affirmed.