Howard RANEY, d/b/a Raney Furniture
& Carpets, Appellant,

v.

CENTRAL FREIGHT LINES,
INC., Appellee.

No. 5466.

Court of Civil Appeals of Texas,
Waco.

July 31, 1975.

Walter J. Woodman, Waxahachie, for appellant.

Benjamin N. Hamilton, Waco, for appellee.

HALL, Justice.

This is an action by a consignee, Howard Raney, against a common carrier, Central Freight Lines, Inc., for freight damage allegedly done to a "La–Z–Boy" chair by the carrier on an intrastate shipment. The plaintiff appeals from a take-nothing judgment rendered following a non-jury trial. We affirm.

■ The plaintiff recognizes in his brief that, to recover, it was his burden to secure findings that the chair was delivered to the defendant at the point of origin in an undamaged condition and was then delivered by the defendant to the plaintiff in a damaged condition. See *Missouri Pacific Railroad Co. v. Elmore & Stahl* (Tex.Sup., 1963), 368 S.W.2d 99, 101. It is the plaintiff's contention that the failures of the court to make these findings are so against the great weight and preponderance of the evidence as to be manifestly unjust.[1]

The plaintiff was the only witness on the trial. The proof was short. It shows that on December 4, 1972, the defendant delivered the chair in question, packaged and completely concealed in a carton, from a furniture distributor in Lufkin to the plaintiff's place of business in Waxahachie. The

---

1. The single point of error dealing with the sufficiency of proof and the want of findings favorable to the plaintiff reads as follows: "That the trial court erred in rendering judgment for the appellee that appellant take nothing by his suit for the reason that the appellant made out a prima facie case against the appellee freight carrier when he introduced into evidence the bill of lading acknowledging receipt of the goods in apparent good order by appellee and then proved that the goods were in a damaged condition when delivered to appellant." On oral argument in this court, the plaintiff stated that he intended for this point to be a "great weight and preponderance of the evidence" point.

 

defendant executed a bill of lading in which it stated that it received the carton "in apparent good order, except as noted (contents and condition of contents of packages unknown)." No exceptions were noted on the bill of lading. When the carton was delivered to the plaintiff, he noticed an indentation on it which the plaintiff said was "not abnormal on a carton received." There is no evidence of anything unusual about the package upon delivery to the plaintiff, and no evidence that he brought the dent to the defendant's attention. The carton was not opened upon delivery to the plaintiff, but was moved by him and an employee "from the receiving part of the store to the storage part of the store." Nothing more is shown about the chair or the storage area until the carton was opened about a week after delivery. Upon opening the carton the plaintiff discovered that a wooden "wing" on one side of the back of the chair was broken loose from the chair. He said that the indentation on the carton was "next to the spot where the damage occurred." The plaintiff has been in the furniture business 22 years. His loss as a result of the damage to the chair is $135.00.

The dent on the carton was not unusual. It did not arouse the concern of the plaintiff who had 22 years' experience handling such packages. Surely, the carton appeared to be in "apparent good order" with the dent. There is a complete want of proof of whether, and how, the carton was handled while it was in the plaintiff's storage area.

The credibility of witnesses and the weight of evidence in a case is, of course, for the trier of the facts. *Mitchell's, Inc. v. Nelms* (Tex.Civ.App.—Dallas, 1970, writ ref., n. r. e.), 454 S.W.2d 809, 813. We cannot say the court's failure to make either finding about which complaint is made is against the great weight and preponderance of the evidence.

The plaintiff's remaining points and contentions become immaterial in the light of the above disposition, and need not be discussed.

The judgment is affirmed.