**CENTRAL FREIGHT LINES, INC., Appellant,**

v.

**NAZTEC, INCORPORATED, Appellee.**

No. 08–89–00250–CV.

Court of Appeals of Texas, El Paso.

April 25, 1990.

Rehearing Overruled May 23, 1990.

Benjamin N. Hamilton, Sheehy, Lovelace & Mayfield, Waco, for appellant.

Pamela Prince Stines, Law Offices of David W. Showalter, Bellaire, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

Following a bench trial of a suit by a shipper against a motor carrier alleging in-transit damage to freight, judgment was rendered for the shipper for the total market value of the damaged items. We reverse and render in part and reverse and remand in part.

Naztec, Incorporated, Appellee herein, is the manufacturer of traffic control equipment. On May 1, 1987, it shipped six traffic signal control units from its plant in Sugar Land to the Texas Highway Department in Austin via Central Freight Lines, Inc., Appellant herein. This shipment was received by the Highway Department on May 4, at which time there apparently was no damage to the units visible from the outside of the corrugated cardboard wrappings. It appears that around May 8 when the wrappings were first removed, it was then discovered that one of the units was damaged. A second shipment of six units was picked up at the plant on May 28 and subsequently delivered by Central Freight to the Highway Department. Damage to one of the units in this shipment was noted upon receipt. Naztec made claim on Central Freight for $7,470.00 based on a total loss of the two damaged units at $3,735.00 each. Upon rejection of the claim, this suit was filed for such loss and for consequential damages. At the conclusion of the trial, the court found that Central Freight received the units from Naztec in good condition and that when the units were delivered to the Highway Department in Austin, two of the units were a total loss. Naztec was awarded $7,470.00 as its damages and $3,800.00 as reasonable and necessary attorney's fees.

In its first three points of error, Central Freight complains that the trial court erred by its refusal to admit and consider evidence that the two damaged units were repaired by Naztec at a reasonable cost and delivered to the Highway Department, that the total loss finding is against the great weight and preponderance of the evidence which would show that the units were repaired at reasonable cost, and that the court erred in permitting recovery on a market value basis rather than a cost of repair basis. Error was sufficiently preserved by an informal bill of exception in which evidence in the form of answers to interrogatories (not included in the appellate record) would have shown that the damaged unit delivered on May 4 was repaired for $1,425.00 and the other damaged unit delivered on or about May 28 was repaired for $720.00. Tex.R.App.P. 52(b). Other evidence indicated that the two repaired units were then shipped back to the Highway Department to replace the damaged units (the same two units). During the trial, the only evidence on damages admitted by the court was the testimony by the sales manager of Naztec that each of the damaged units had a market value of $3,735.00 when picked up by Central Freight and a reasonable market value of "zero" when delivered at their destination.

As noted in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), the primary objective in awarding damages in civil cases has been to compensate the injured plaintiff, not to punish the defendant. When personal property has been damaged, the general rule is that the damage is to be measured by the difference in the reasonable market value immediately before and immediately after the injury to such property. This is not a hard and fast rule, however. Different factual situations sometimes require the application of a different measure of damages. *Pasadena State Bank v. Isaac*, 149 Tex. 47, 228 S.W.2d 127, 128 (1950). Where the injury to the property has not resulted in its total loss and the repair of the damaged property is economically feasible, the plaintiff may elect to recover the reasonable cost of repairs. *Southwestern*

*Motor Transport Co., Inc. v. Valley Weathermakers, Inc.*, 427 S.W.2d 597, 600 (Tex.1968); *Hartley v. Schwab*, 564 S.W.2d 829, 831 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.); Restatement (Second) of Torts, sec. 928 (1979). While Central Freight had no right to insist that Naztec make repairs and proceed on that measure of damages, Naztec having the right to so elect, the fact is that despite the testimony of its sales manager that the damaged units had no value whatsoever when delivered, Naztec chose to repair them. Under such circumstances, evidence of the costs of repair became relevant and material and therefore admissible, not as proof of an alternative measure of damages, but as evidence bearing on the difference in market value. *Boies v. Norton*, 526 S.W.2d 651, 653 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *Horton v. Schultz*, 148 S.W.2d 252, 253 (Tex.Civ.App.—San Antonio 1941, no writ).

Under the circumstances of this case, we hold that the trial court erred by its refusal to admit evidence of the costs of repair to be considered, along with Naztec's testimony that the damaged units had no value, in arriving at a fair market value of the units immediately after they were damaged. Point of Error No. One is sustained. Since the only evidence admitted by the trial court supported the finding that the units were a total loss and had no market value, Point of Error No. Two that such finding was against the great weight and preponderance of the evidence is overruled. We have previously concluded that the difference in market value was the proper measure of damages, at Naztec's election. Point of Error No. Three, which claimed "cost of repair" as the proper measure of damages, is overruled.

In its fourth and fifth points of error, Central Freight asserts that there was "no evidence" or "insufficient evidence" to support the trial court's finding that the damaged unit in the May 1 shipment was damaged "when delivered in Austin." The evidence showed only that the May 1 shipment was delivered on May 4, the Highway Department employee signing on the delivery receipt that it was "received in good or-der." The damage was not discovered until May 8.

When reviewing a "no evidence" challenge, an appellate court must only consider the evidence and reasonable inferences drawn therefrom, which when viewed in their most favorable light, support the finding of the court, disregarding all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Company of America*, 717 S.W.2d 588, 593 (Tex.1986).

To prove damages attributable to the carrier, the shipper of the damaged goods must show: (1) the goods were delivered to the carrier in good condition; and (2) the goods were damaged upon reaching their destination. *Utilities Pipeline Company v. American Petrofina Marketing*, 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ). This is the rule where damage is readily apparent at the time of delivery and noted on the delivery receipt, as in the case of the May 28 shipment. Once these elements are shown, the burden is on the carrier to show that it acted with reasonable diligence, care and dispatch. *Mistletoe Express Service v. Sanchez*, 721 S.W.2d 418, 419 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Even then, because of the carrier's superior knowledge of the goods in its possession, it will be liable for otherwise unexplained damage unless it can show that it was caused by (1) an act of God; (2) the public enemy; (3) the act of the shipper; or (4) the inherent nature of the goods themselves. *Missouri Pacific Railroad Company v. Elmore & Stahl*, 368 S.W.2d 99, 101 (Tex.1963); *aff'd.* 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964).

However, in the case of concealed damage or damage not readily apparent until the goods are removed from their packing materials, the shipper or owner must prove that the damage did not occur after the goods were received by the consignee. *Strickland Transportation Company v. Cummins Supply Company*, 488 S.W.2d 181, 183 (Tex.Civ.App.—Fort Worth 1972, no writ). In the instant case, no evidence was offered as to what, if any-

thing, the Texas Highway Department did with the shipment from the time it was received in "good condition" on May 4 until the damaged unit was discovered on May 8. *Raney v. Central Freight Lines, Inc.,* 526 S.W.2d 282, 283 (Tex.Civ.App.—Waco 1975, no writ). *Cf Red Ball Motor Freight, Inc. v. Dean,* 549 S.W.2d 41 (Tex.Civ.App.—Tyler 1977, writ dism'd) (claim for concealed damage to television, not discovered until five months after delivery, not barred where evidence showed that the carton had not been moved or touched from the time of delivery). Point of Error No. Four is sustained, making it unnecessary to reach Point of Error No. Five complaining of factual insufficiency.

In its sixth point, Central Freight challenges the award of $3,800.00 attorney's fees as excessive in the event the judgment is reformed on appeal to reflect "the proper measure of damages." In light of our disposition of the first and fourth points of error, the attorney's fees found and awarded by the trial court can no longer stand and must therefore be reversed.

Having sustained Point of Error No. Four, we reverse and render as to the amount of $3,735.00 damages found and awarded for the damaged unit in the May 1 shipment, and having sustained Point of Error No. One, we reverse and remand the cause of action relating to the damaged unit in the May 28 shipment and attorney's fees for retrial consistent with this opinion.