NUMBER 13-00-665-CV

 

                              COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS
 CHRISTI B
EDINBURG

                                                                                                                                                 
                                          

 

DOUG W. WILSON AND ATELIER ASSOCIATES,
INC.,            Appellant,

 

                                                   v.

 

STEVE
CHAZANOW,                                           
                  Appellee.

 

                    On appeal from the County
Court at Law No. 4 

                                    of Harris
County, Texas.

 

                                    O P I N I
O N

 

                        Before Justices Hinojosa, Castillo and Amidei

                                     Opinion
by Former Justice Amidei[1]

 








This is an
appeal from an adverse jury verdict and judgment in a suit for damages to a
large sapphire under the common law of bailment or contractual liability for
negligence. Appellee Steve Chazanow
was awarded the principal sum of $25,000 plus 10% post-judgment interest from
June 28, 2000 until paid; $25,000 attorney's fees through the trial and
judgment, an additional $15,000 for attorney's fees in the event of an appeal
to the court of appeals, and $5,000 for attorney's fees in the event of an
appeal and/or writ of error to the Supreme Court of Texas.

Appellants Doug
W. Wilson and Atelier Associates, Inc. present five issues claiming reversible
error by the trial court: (1) entering judgment for appellee
when there was no evidence of the value of the sapphire either before or after
the alleged damage; (2) in failing to enter judgment for attorney's fees for
First Specialty Insurance Company; (3) in entering judgment awarding attorney's
fees to appellee; (4) in awarding possession of the
sapphire to appellee; (5) in submitting jury
questions No. 1 as to whether appellants damaged the sapphire in the course of
their employment while in their care, No. 2 as to the reasonable cost to
replace the sapphire, and No. 5 as to appellee's
reasonable and necessary attorney's fees, and (6) in overruling appellants'
motions for instructed verdict and to disregard and for judgment
notwithstanding the verdict.  We affirm.

                                                Standard
of Review








ANo evidence
points of error must and may only be sustained when the record discloses: (1) a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; and (4) the evidence established conclusively the opposite of
the vital fact.@  Juliette
Fowler Homes, Inc. v. Welch Assocs., 793 S.W.2d 660, 666 n. 9 (Tex.
1990).  AIn reviewing the evidence under a
no-evidence point, we consider all the evidence in the light most favorable to
the prevailing party, indulging every reasonable inference in that party's
favor.@  Associated Indem.
Corp. v. Cat Contracting, 964 S.W.2d 276, 285-286 (Tex. 1998).  In evaluating legal sufficiency, we are
required to determine whether the proffered evidence as a whole rises to the
level that would enable reasonable and fair-minded people to differ in their
conclusions.  Id. at 286.  If there is more than a scintilla of evidence
to support the reasonable cost of the replacement value of the sapphire, then
the evidence is legally sufficient, and we must overrule appellants' no
evidence issue.  Juliette
Fowler Homes, 793 S.W.2d at 666.  If
the evidence furnishes some reasonable basis for differing conclusions by
reasonable minds about a vital fact's existence, more than a scintilla of
evidence exists.  Burroughs Wellcome Co. v. Cyre, 907
S.W.2d 497, 499 (Tex. 1995); Kindred v. Con/Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983).








AA party
objecting to a charge must point out distinctly the objectionable matter and
the grounds of the objection.@  Tex.
R. Civ. P. 274.  AAny complaint as
to a question, definition, or instruction, on account of any defect, omission,
or fault in pleading, is waived unless specifically included in the objections.@  Id. 
As a prerequisite to presenting a complaint for appellate review, the
record must show that the complaint was made to the trial court by a timely
request, objection or motion that stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint, unless the specific grounds were
apparent from the context, and the trial court ruled on the request, objection,
or motion, or alternatively refused to rule either expressly or implicitly, and
the complaining party objected to the refusal. 
Tex. R. App. P. 33.1(a). 

A party who
seeks to alter the trial court's judgment or other appealable
order must file a notice of appeal.  Tex. R. App. P. 25.1(c).  The appellate court may not grant a party who
does not file a notice of appeal more favorable relief than did the trial court
except for just cause.  Id.

                                                      Background








Appellee, a jeweler
sold a sapphire and diamond ring to Mrs. Erla Zuber for $47,000. 
The wholesale value of the sapphire alone was $30,000.  The ring was too big for Mrs. Zuber so appellee sent it to
appellant Atelier Associates, Inc. for resizing.  The resizing work was done by an employee of
Atelier Associates, Doug Wilson.  During
a second attempt to resize the ring, the sapphire cracked in two to three
places.  After appellants' offer to
substitute two lesser quality and sized sapphires was rejected by appellee and Mrs. Zuber, appellee found and paid for a suitable comparable sapphire
that was acceptable to Mrs. Zuber at a cost of
$29,740 for the sapphire and the mounting. 
Appellant Atelier Associates not only refused to pay appellee
for the cost of the substituted sapphire and mounting but refused to return the
original stone to appellee.  Appellee filed a
claim with his insurer, First Specialty Insurance Company, but was refused
because the ring was damaged while in a third party's possession.  Appellee filed
suit, and after a trial the jury found (1) the sapphire was damaged by
appellants; (2) the cost to replace the original ring, less its current
reasonable value, was $25,000; (3) reasonable and necessary attorney fees for appellee's attorney included $25,000 for preparation and
trial, $15,000 for appeal to the court of appeals, $5,000 for making or
responding to a writ of error to the Supreme Court of Texas, $5,000 if application
for writ of error is granted by the Supreme Court of Texas; and (4) reasonable
and necessary attorney's fees for First Specialty's attorneys, $25,000 through
the trial, $15,000 should an appeal be made to the court of appeals, and
$10,000 should an application for writ of error be made to the Texas Supreme
Court.

The trial court
followed the jury findings to render judgment in favor of the appellee accordingly, ordered 10% simple interest from
August 18, 1998 until June 28, 2000, and 10% post judgment interest compounded
annually from June 28, 2000 until paid, and ordered the sapphire in question
then being held in the registry of the court be released to appellee.  Also, the trial court found that coverage for
the ring in question under the policy issued by First Specialty Insurance
Company was excluded but denied any attorney's fees to the insurance
company.  Appellee
was denied any relief from Hans Mueller and Watches by Hans.

                                                   Issues
Presented

Appellants'
issue number one states that the trial court committed reversible error by
entering judgment for appellee, in that there was no
evidence admitted at trial of the value of the subject stone either before or
after the alleged incident of damage.













There was
evidence of the before and after value of the sapphire: Mrs
Zuber, the original purchaser paid appellee $47,000 for the original ring which contained the
sapphire having a wholesale value of $30,000 before it was damaged.  The ring's replacement value was appraised at
$49,000.  Central Freight Lines, Inc.
v. Naztec, Inc., 
790 S.W.2d 733, 734 (Tex. App.BEl Paso 1990,
no writ).  After the sapphire was
severely damaged by appellants it was non-marketable and unacceptable to Mrs. Zuber, and appellee.  The sapphire had to be replaced.  Appellant Atelier Associates tendered two
sapphires as a possible replacement, one valued at $13,426 and the other valued
at $19,270, but they were inferior to the original sapphire and were rejected.  Appellee purchased
a replacement sapphire for $29,700. 
Although appellants' jewelry appraiser and the insurance adjustor would
not buy the sapphire in its damaged condition, and the sapphire was
non-marketable, the appellants took the position during trial that the sapphire
was not damaged at all.  Mr. Lastovica testified that in his opinion the current
wholesale value of the allegedly damaged sapphire was $25,000.  Appellee took the
position the damaged sapphire was valueless, and there was evidence from which
the jury could have concluded it was worthless. 
Proof of a zero value or a total loss is sufficient evidence to support
jury question number two as to the current value after the damage to the
sapphire.  Id. at 734-35.  However, as argued by appellee
the jury resolved the conflicting evidence, (1) that the sapphire retained its
original value of $30,000, and (2) that it was so severely damaged it was
worthless, to find $25,000 as the difference in value, the amount appellee is entitled as damages, which indicates there is
some slight value remaining in the damaged sapphire.  Escalante v. Koerner,
28 S,W,3d 641, 647 (Tex. App.BCorpus Christi
2000, no. pet.) (a jury may believe or disbelieve any or all of the testimony
of any witness).  There was evidence
sufficient to support the before and after measure of damages had the case been
submitted under such measure of damages.

Appellants= issue number
one is overruled.

Appellants= issue number
two argues the trial court erred in not entering judgment for attorney=s fees for
First Specialty Insurance Company.








Appellants= theory is that
since they received an assignment from First Specialty after the trial, they
are authorized to further an appeal on behalf of First Specialty although the
assignment did not authorize them to appeal in the name of First
Specialty.  Appellee
contends that we cannot grant a party who does not file a notice of appeal more
favorable relief than did the trial court except for just cause. Tex. R. App. P. 25.1(c).  We agree. 
First Specialty did not file a notice of appeal.  Appellants were not substituted as a party in
place of First Specialty under rule 7.1(b) of the Texas Rules of Appellate
Procedure in order that they could file a notice of appeal to appeal First
Specialty's rights, if any.  Appellants
cannot now use their own notice of appeal to challenge the trial court's
failure to award them attorney's fees they believe First Specialty should have
been awarded.  If appellants had desired
to substitute themselves for First Specialty, they should have filed a motion
to do so in time to file the notice of appeal for First Specialty although
their names would be substituted for First Specialty simultaneously with the
granting of their motion and the filing of the notice of appeal.  While we may order substitution of parties at
any time during an appeal, the party to be substituted for must be a party to
the appeal by having filed a notice of appeal or having enough time to file a
notice of appeal.  First Specialty did
not become a party to this appeal. 

Even if appellants
had been properly substituted as a party in the case in place of First
Specialty, the trial court did not abuse its discretion by refusing to award
attorney's fees to First Specialty.  The
jury only found amounts of fees and did not find First Specialty was entitled
to attorney's fees.  It was within the
sound discretion of the trial court to decide whether or not to award
attorney's fees in a declaratory judgment action.  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon
1997); Bocquet v. Herring, 972 S.W.2d
19, 20 (Tex. 1998). 

Appellants'
issue number two is overruled.

Appellants'
issue number three contends that the trial court erred in entering judgment for
appellee for attorney's fees against appellants.

Appellant
objected in the trial court that appellee's attorney
could not testify as to attorney's fees because he was not listed on the expert
witness list but the trial court allowed his testimony after ruling as follows:


I'm going to go
with substance over form. I think it was a mistake he was designated as a fact
witness and not expert witness. In light of Mr. Alexander's representations
that there is no documents that he relied on or that support his testimony,
then I'm going to let him testify.

 

The trial court
properly exercised her discretion and found good cause as the appellants knew appellee=s attorney was
going to testify regarding attorney's fees. 
See Gee v. Liberty Mut. Fire Ins., 765 S.W.2d 394, 395 (Tex. 1989).








Attorney's fees
may be awarded in common law suit for negligence of a bailee.
Olin Corp. v. Cargo Carriers, Inc., 673 S.W.2d 211, 217 (Tex. App.BHouston [14th
Dist.] 1984, no writ).  Appellee=s attorney=s testimony as
to attorney fees was exactly the amounts as found by the jury.  Appellants further complain that appellee's attorney did not provide opinions, a resume,
time slips or other documentation but cite no authority which requires an
attorney to provide such documentation. 
Appellants made no objection to the trial court that there was no such
documentation.

Appellants= issue number
three is overruled.

Appellants= issue number
four claims the trial court erred in entering judgment that the sapphire in
question, being held in the registry of the court, be released to appellee.








We cannot
consider issue number four because appellants= brief fails to make appropriate citations
to authorities to support the issue.  Tex. R. App. P. 38.1(h).  Even if some authority had been cited by
appellants, we cannot reverse the trial court judgment merely because it is
based on an insufficient or erroneous reason, if it is correct on any theory of
law applicable to the case.  Pope v.
American Nat=l Ins. Co., 443 S.W.2d
377, 381 (Tex. App.BTyler 1969,
writ ref=d n.r.e.); Trigg v. Blakemore, 387 S.W.2d 465, 468
(Tex. Civ. App.BAustin 1965,
writ ref=d n.r.e.).  Using the
analogy of where an insurance company pays a claim for a total loss of an
automobile but retains the automobile, appellants argue now the sapphire was a
total loss of and since they are now liable for the loss, they should be
entitled to the damaged sapphire.  The
jury=s answer to
question number two does not ask whether the damaged stone was a total loss,
although there was evidence from which the jury could have found total loss had
the question been so framed.  The jury
determined the reasonable cost of replacement minus the current reasonable
value was $25,000.  Since the wholesale
value of the sapphire was $30,000, there remains a value of $5,000.  Appellants complain that the trial court
should have initiated some proceeding to determine whether the sapphire was a
total loss, but do not cite any jury issue they requested which would have made
such determination.  Tex. R. App. P. 38.1(f).  There were no pleadings to support appellants= recovery of
the damaged sapphire even if it had been found to be a total loss.  Appellee argues
that the jury concluded there was some value left in the damaged sapphire.  Next, appellants argue that appellee=s attorney
stated the sapphire=s value was
zero but he did not testify as an expert as to the value of the sapphire, and
when he made such statement the case had not been submitted to the jury.  Further, appellants complain that appellee=s attorney
agreed with the legal conclusion that under the total loss car payoff by an
insurance company analogy, the sapphire would be Mr. Mueller=s.  However, appellee=s attorney was
arguing with the court and other attorneys prior to the submission of the case
to the jury, and his conclusion was not intended or formalized as a stipulation
or agreement.  In any event, even if
there was such an agreement, it could not be effective or binding since the
jury did not make a finding of total loss.

Appellants= issue number
four is overruled.

Appellants= issue number
five contends the trial court erred in submitting questions 1, 2, and 5 to the
jury.








Appellants'
brief does not set out any objections to questions 1, 2, and 5 that they may
have made to the trial court prior to the submission of the charge to the
jury.  Apparently, appellants' theory is
that appellee's failure to comply with rule 194.2(f)
of the Texas Rules of Civil Procedure resulted in the court excluding all
evidence of the value of the sapphire after it was damaged.  However, as discussed above there was sufficent evidence to support the submission of the jury
questions.  Central Freight Lines,
Inc., 790 S.W.2d at 734-35. 
Appellants did not agree that the case was submitted on a replacement
measure of damage rather than a before and after measure of damage but there
was sufficient evidence to submit the damage question on either measure of
damage theory.  The trial court properly
overruled appellants' motions for instructed verdict and for judgment
notwithstanding the verdict.  Again
appellants do not cite any applicable authority to support issue number five.

Appellants'
issue number five is overruled.

The judgment of
the trial court is affirmed.

 

_____________________

Maurice E. Amidei

Justice

 

 

Publish

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 9th day of  May, 
2002.











[1]Former
Justice Maurice Amidei
assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex.Gov=t Code Ann. '
74.003 (Vernon 1998).