COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ROBERT C. SAMUEL and SAMUEL
&              )

COMPANY,
INC.,                                               )            
No.  08-02-00010-CV

                                                                              )

Appellants,                         )                 Appeal from the

                                                                              )

v.                                                                           )          
County Court at Law #5

                                                                              )

KTVU PARTNERSHIP,                                       )         
of El Paso County, Texas

                                                                              )

Appellee.                           )                 
(TC# 97-3038)

                                                                              )

 

MEMORANDUM
OPINION ON MOTION FOR REHEARING

 

Appellants Robert
C. Samuel and Samuel & Company, Inc. have moved for rehearing, contending
the Court erred in affirming the trial court=s
judgment in favor of Appellee KTVU Partnership.  We deny the motion, but issue this opinion to
address two of the six issues raised by Appellants in their motion.

Measure
of Damages








On appeal,
Appellants argued that the trial court erred in submitting  jury question two on damages because
it was not based on the proper measure of damages.  Question two asked the jury to determine, A[w]hat sum of money, if any, if paid
now in cash, would fairly and reasonably compensate KFOX for its damages, if
any, that resulted from Mr. Samuel=s
failure to comply?[1]  The jury was instructed to consider the cost
of roof repair or a new roof as damages, if any, and none other.  The jury assessed damages at $50,000.  

Appellants contend
the trial court did not submit the correct measure of damages to the jury.  In their brief, Appellants asserted the
property measure of damages would be the damage actually done to Appellee=s
property--the computer monitor or the ceiling tiles or the expense incurred for
emergency repairs, rather than the cost of roof repairs or a new roof because
it does not own or lease the roof.  On
motion for rehearing, Appellants now argue in their first issue, more
specifically than they did in their brief, their contention that the correct
measure of damages is the difference between the market value for the unexpired
term and the reserved rentals stipulated in the lease.  See Waldon v. Williams, 760 S.W.2d 833, 835 (Tex.App.--Austin 1988, no writ); Birge
v. Toppers Menswear, Inc., 473 S.W.2d 79, 84 (Tex.Civ.App.--Dallas
1971, writ ref=d n.r.e.).  In
their motion, Appellants also argue that this Court=s
reliance on Central Freight Lines v. Naztec, Inc.,
790 S.W.2d 733 (Tex.App.--El Paso 1990, no writ) is
misplaced because that case involves damage to personal property, not realty
and supports their position that one is entitled to damages for harm to his own
property, not someone else=s.  








As noted in our
opinion, Appellant Mr. Samuel entered into a twenty-year lease with Appellee=s
assignor for the sole purpose of operating a television station.  Under the terms of the building lease, Mr.
Samuel had an obligation to install a new roof prior to April 1, 1994 and a
duty to maintain the building=s
roof in good order, repair, and condition. 
Appellee KTVU filed suit against Mr. Samuel
alleging breach of the lease for failure to properly install a new roof or care
for the existing roof.  The jury
determined that Appellee=s
lease of the building included lease of the roof.  Under their lease agreement, Appellee effectively held a property right in its lease of
a new roof.








In Appellants= motion, they correctly point out that Central
Freight Lines, Inc. was a case involving alleged damage to personal
property.  See
Central Freight Lines, Inc., 790 S.W.2d at 734.  In Central Freight Lines, Inc., this
Court recognized that different factual situations may require the application
of a different measure of damages.  Id.  In that case, this Court noted the principle
that, A[w]here
the injury to the property has not resulted in its total loss and the repair of
the damaged property is economically feasible, the plaintiff may elect to
recover the reasonable cost of repairs.@  See id at 734.  Texas courts have recognized that the proper
measure of damages when the injury to realty is repairable is the reasonable
cost of repairs necessary to restore the property to its prior condition.  See Moren v. Pruske, 570 S.W.2d 442, 444 (Tex.Civ.App.‑‑San
Antonio 1978, writ ref=d
n.r.e.), citing Pasadena State Bank v.
Isaac, 149 Tex. 47, 228 S.W.2d 127 (Tex. 1950) and Weaver
Construction Co. v. Rapier, 448 S.W.2d 702 (Tex.Civ.App.--Dallas
1969, no writ).  As recently observed by
the Texarkana court of appeals in Celanese Ltd. v. Chemical Waste
Management, Inc., in both real and personal property cases, the cost of
repairing or restoring the property to its full market value is an appropriate
element of damage.  Celanese
Ltd. v. Chemical Waste Management, Inc., 75 S.W.3d 593, 598 (Tex.App.--Texarkana 2002, pet. denied).  The Celanese Ltd. court stated there
was no apparent reason to draw any distinction between real and personal
property in that case, noting, however, that with respect to realty, there is a
distinction between permanent damage and temporary (or rectifiable)
damage.  Id.  Here, the nature of the
damages alleged in Appellee=s
breach of contract claim were temporary and repairable.  As we determined in our opinion in this case,
under the circumstances, the cost of reasonable repairs to the roof was an
appropriate measure of damages.  Our
reliance on Central Freight Lines, Inc. was focused on general
principles of recovery of damages, rather than its limited application to
personal property cases and as discussed in Celanese Ltd. an analogous
measure of damages exists in realty cases. 
Based on our determination of an appropriate measure of damages in this
case, this Court held that we could not conclude the trial court abused its
discretion in submitting jury question two to the jury.  Accordingly, we overrule Appellants= first issue in their motion for
rehearing.

Adjacent
Parking

On appeal,
Appellants argued that the trial court in its summary judgment and final
judgment erred in determining that Appellee was
entitled to parking on adjacent land owned by Appellant Samuel and Company, not
Appellant Mr. Samuel.  Appellants
asserted that Appellee=s
lease of the premises included no parking areas because Exhibit A=s outline is of the building only.  In their motion for rehearing, Appellants
contend in their fourth issue that this Court=s
opinion that Appellee has the right to park on the
adjacent parking lot is erroneous.  








As noted in our
opinion, Appellant Samuel and Company, Inc. owns the parking lot adjacent to
the KFOX building at issue, which Appellant Mr. Samuel leases from Samuel and
Company, Inc.  Appellant Mr. Samuel is
the sole shareholder of Samuel and Company, Inc.  In deposition testimony, Mr. Samuel testified
that he is the sole lessee of the parking lot. 
Mr. Samuel admitted that in 1995 and 1996, KCIK paid him a portion
of the real estate taxes for the parking lot. 
Mr. Samuel also testified that Appellee pays
$500 a month for common area maintenance, but did not recall the breakdown of
this fee.  While no provision of the
building lease expressly states the parties=
intention to include parking access, Section 3.04 provides a strong inference
that non-delivery parking access was intended. 
Under this section, the tenant covenants and agrees that it will inter
alia Anot
permit the loading or unloading or the parking or standing of delivery vehicles
outside any area designated therefor . . . .@ 
In addition to this evidence, this Court relied on Bifano
v. Econo Builders, Inc., 401 S.W.2d 670 (Tex.Civ.App.--Dallas 1966, writ ref=d
n.r.e.).

The Dallas court in
Bifano v. Econo
Builders, Inc. recognized Athe
general rule that the lease of an entire building is a lease also of the ground
under it, as well as adjacent land of the lessor
which is used with the building as necessary to its proper occupation for the
purpose for which it was intended.@  Bifano, 401 S.W.2d at 674.  In
so noting, the Bifano court cited to the legal
treatise Corpus Juris Secundum.  Id., citing
51 C.J.S. Landlord and Tenant
' 289 at 944, now 51C C.J.S. Landlord and Tenant ' 289 at 741 (1968).  In their motion for rehearing, Appellants
urge that the proposition cited above in Bifano
is dicta because the court=s
holding in Bifano is directly contrary to the
proposition.  However, in its holding
there is nothing to indicate the Bifano court
disavowed the proposition at issue.








In Bifano, appellants claimed that although their
current lease of a building in a shopping center did not explicitly contain a
description of the portion of land not covered by the building, it was
nevertheless by implication a part of the demised premises or should be
considered so, because inter alia the use
thereof by the appellants was reasonably necessary to their beneficial use of
the building itself.  Bifano,
401 S.W.2d  at
674.  After recognizing the general rule
concerning a lessor=s
adjacent land which is used with the building, the Bifano
court stated that appellants could take Asmall
comfort@ from the
rule because even under their original lease, which included the entire tract,
appellants had no right to appropriate the portion not covered by the building
for their exclusive use.  Id. at 674. 
The court determined the area in question was not a separate parking lot
for the exclusive use of appellants and their customers, but rather formed a
portion of the parking area of the entire shopping center.  Bifano, 401 S.W.2d at 674. 
The court found in part, that appellees, as
owners of the portion of land not covered by the building, had the right to
make use of it, therefore appellants claim for damages for actual or
constructive eviction failed.  Id. at 675.  We
do not regard the court=s
holding in Bifano to hold directly contrary to
the proposition at issue, as maintained by Appellants.  

Based on the
summary judgment evidence presented and the general rule regarding adjacent
land and its use with a leased building as recognized in Bifano,
we conclude the trial court did not err in finding that Appellee
established as a matter of law its right to park on adjacent land that is
designated a parking lot.  Therefore, we
overrule Appellants= third
issue in their motion.

We overrule all
issues raised by Appellants=
in their Motion for Rehearing. 
Accordingly, we deny Appellants=
Motion for Rehearing.

 

 

October
22, 2003

DAVID WELLINGTON
CHEW, Justice

 

En Banc

Barajas, C.J., Larsen, McClure, and Chew, JJ.











[1]
In jury question one, the jury affirmatively found that Mr. Samuel failed to
comply with the lease provisions concerning the roof.