COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY,
  
                             Appellant,
  
 v.
  
  
 JOSEPH WILDE,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00150-CV
  
 Appeal from the
  
 112th
 District Court
  
 of
 Reagan County, Texas
  
 (TC# 1390)
  
 
 


 

                                                                  O
P I N I O N

Appellant Texas Farm Bureau Mutual Insurance
Company (Texas Farm) appeals from a judgment awarding Appellee Joseph Wilde damages,
lost profits, and attorney’s fees resulting from a jury verdict that Texas Farm
committed unfair or deceptive settlement practices under Texas Insurance Code
Section 541.060.  Tex. Ins. Code Ann. § 541.060 (West 2009).  We reverse and render a take-nothing judgment.

BACKGROUND

Wilde had a policy of insurance with Texas
Farm which insured Wilde’s 1999 John Deere 7455 cotton stripper for a maximum
value of $90,000.  Wilde filed a claim on
the policy after the cotton stripper caught fire on December 16, 2005, and was
“completely destroyed.”  After Texas Farm
denied Wilde’s claim, Wilde filed suit for breach of contract, breach of duty
of good faith and fair dealing, and unfair settlement practices under Section
541.060 of the Texas Insurance Code, and sought to recover damages for the
market value of the cotton stripper, lost profits, attorney’s fees, and treble
damages.  Tex. Ins. Code Ann. § 541.060 (West 2009).

The case initially proceeded to trial in
2010 and the trial court denied Texas Farm’s no-evidence and traditional
summary judgment motions.  Thereafter,
the trial court granted Texas Farm’s motion for mistrial.  The case was tried in 2011 and, prior to
submission of the case to the jury, the trial court denied Texas Farm’s motion
for an instructed verdict on lost profits and attorney’s fees.  The trial court also overruled Texas Farm’s
objections to the submission of market damages, lost profits, and attorney’s
fees in the jury charge.[1]

The jury returned a verdict in favor of Wilde,
found that Texas Farm knowingly engaged in an unfair or deceptive act or
practice that caused damage to Wilde, and found market-value damages in the
amount of $75,000, lost profits in the amount of $60,000, and attorney’s fees
in the amount of $30,000.

Before entry of the judgment, the trial
court denied Texas Farm’s motion for judgment notwithstanding the verdict as to
the jury’s award of the three damage elements. 
The trial court entered judgment in accordance with the jury’s verdict.

DISCUSSION

Sufficiency
of the Evidence

In five issues, Texas Farm contends the
trial court erred in awarding $75,000 damages for diminution in market value,
$60,000 lost profits, and $30,000 in attorney’s fees to Wilde in accordance
with the jury’s verdict.  In Issues One,
Three, and Five, Texas Farm presents legal sufficiency challenges to the trial
court’s award of market-value damages, lost profits, and attorney’s fees,
respectively.  In Issue Two, Texas Farm
contends the trial court’s award of lost profits was erroneous because lost-profit
damages are not recoverable as a matter of law where personal property is
totally destroyed.  In its fourth issue,
Texas Farm complains that the evidence is factually insufficient to support an
award of lost profits.

Standard
of Review








A legal sufficiency or “no evidence”
challenge will be sustained if the party suffering the adverse decision at
trial shows:  (1) the complete absence of
a vital fact; (2) the court is barred by rules of law or evidence from giving
weight to the only evidence offered to prove a vital fact; (3) the evidence
offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes
conclusively the opposite of the vital fact.  City of Keller v. Wilson, 168 S.W.3d
802, 810 (Tex. 2005).  When reviewing the
legal sufficiency of the evidence, we consider the evidence in the light most
favorable to the challenged finding and indulge every reasonable inference that
would support it.  Id. at 823.  We credit favorable evidence if a reasonable
fact finder could and disregard contrary evidence unless a reasonable fact finder
could not.  Id. at 827.  We then determine whether the evidence at
trial would enable reasonable and fair-minded people to find the facts at
issue.  Id.  In so doing, we recognize the fact finder’s
role as the only judge of witness credibility and the weight to give to
testimony.  See id. at 819.

Market Value – Salvage Value

In Issue One, Appellant complains that the
trial court erred in awarding market-value damages because no evidence of the
market value of the cotton stripper immediately after the fire was presented at
trial.  We agree.

When seeking to recover damages for the loss
or reduction of personal property’s value, market value is the typical method
of valuation.  See City of Tyler v. Likes, 962 S.W.2d 489, 496-97 (Tex. 1997); compare International-Great N. R.R. v. Casey,
46 S.W.2d 669, 670 (Tex.Comm’n App. 1932) (addressing other methods of
valuation).  “Market value is defined as
the price property would bring when it is offered for sale by one who desires,
but is not obligated to sell, and is bought by one who is under no necessity of
buying it.”  Exxon Corp. v. Middleton, 613 S.W.2d 240, 246 (Tex. 1981).  The market value of damaged or destroyed
personal property is the difference in the property’s market value immediately
before and immediately after the injury at the place where the damage occurred.  Thomas
v. Oldham, 895 S.W.2d 352, 359 (Tex. 1995); Pasadena State Bank v. Isaac, 228 S.W.2d 127, 128 (Tex. 1950); Central Freight Lines, Inc. v. Naztec, Inc.,
790 S.W.2d 733, 734 (Tex.App.–El Paso 1990, no writ).  An owner may testify about the market value,
rather than the intrinsic value, of the property if his testimony shows that he
is familiar with the market value of the property and his opinion is based upon
that market value.  Redman Homes, Inc. v. Ivy, 920 S.W.2d 664, 669 (Tex. 1996); Thomas, 895 S.W.2d at 359 n.10; Khorshid, Inc. v. Christian, 257 S.W.3d
748, 760 (Tex.App.–Dallas 2008, no pet.). 
In establishing market value, a plaintiff is not permitted to rely upon
the purchase price of the property.  See Alan Reuber Chevrolet, Inc. v. Grady Chevrolet,
Ltd., 287 S.W.3d 877, 889 (Tex.App.–Dallas 2009, no pet.).

In his pleadings, Wilde contended that the
cotton stripper was totally destroyed by fire.    Texas Farm asserts that the evidence at
trial showed the cotton stripper was a total loss and Wilde was required, but
failed, to prove the cotton stripper’s post-loss value in the form of its
salvage value.  Although evidence at
trial showed the cotton stripper’s purchase price, its low “hours” of use, a
lack of damage to the engine, and that the cotton stripper had salvage value in
general, Appellee presented no evidence of the cotton stripper’s immediate
post-fire market value in Reagan County. 
Thomas, 895 S.W.2d at 359; Pasadena State Bank, 228 S.W.2d at 128; Central Freight Lines, Inc. 790 S.W.2d
at 734.  Because Texas Farm has shown the
complete absence of a vital fact at trial essential to the determination of
market value, its legal-sufficiency challenge must be sustained.  City of Keller, 168 S.W.3d at 810.  Because no evidence existed to support the
submission of an award of market-value damages to the jury, the trial court
erred in overruling Texas Farm’s objections to the jury charge on market value,
its motion for judgment notwithstanding the verdict, and awarding market-value
damages.  We sustain Issue One.

Lost
Profits

In Issue Two, Texas Farm contends that
because Wilde sought to recover the market value of the destroyed cotton
stripper, Wilde was not entitled to also recover the loss of its use or lost
profits.  We agree.

Typically, when personal property has been
damaged, an injured plaintiff can recover the market value of the
property.  Thomas, 895 S.W.2d at 359; Pasadena
State Bank, 228 S.W.2d at 128; Central
Freight Lines, Inc., 790 S.W.2d at 734. 
When the personal property has not been totally destroyed, an injured
plaintiff may elect to recover either the market-value damages or the
reasonable cost of repairs.  Central Freight Lines, Inc., 790 S.W.2d
at 734.  Loss-of-use damages are
permitted where cost-of-repair damages are sought.  Berry
Contracting v. Coastal States Petrochem., 635 S.W.2d 759, 761 (Tex.App.–Corpus
Christi 1982, writ ref’d n.r.e.).  A
plaintiff may also be entitled to recover loss-of-use damages in the form of
lost profits if he loses the opportunity to accrue earnings from the use of the
damaged equipment.  Wells Fargo Bank Northwest, N.A. v. RPK Capital XVI, L.L.C., 360
S.W.3d 691, 710 (Tex.App.–Dallas 2012, no pet.); see also Chemical Express Carriers, Inc. v. French, 759 S.W.2d 683,
687-88 (Tex.App.–Corpus Christi 1988, writ denied) (lost profits represent the
loss-of-use damages when an injured plaintiff loses an opportunity to earn
money from damaged property); Alexander
Schroeder Lumber Co. v Merritt, 323 S.W.2d 163, 165-66
(Tex.Civ.App.–Texarkana 1959, no writ) (lost-profit damages are an alternative
to loss-of-use damages).  However, this
election of remedies is not available to a plaintiff whose property is totally
destroyed and he is limited to seeking the proper measure of market-value
damages.  See City of Houston v. Church, 554 S.W.2d 242, 246 (Tex.Civ.App.–Houston
[1st Dist.] 1977, writ ref’d n.r.e.); see
also Hartford Ins. Co. v. Jiminez, 814 S.W.2d 551, 552 (Tex.App.–Houston [1st
Dist.] 1991, no writ) (measure of damages to totally-destroyed property is its
reasonable market value).

Consequently, a plaintiff whose property has
not been totally destroyed may recover either (1) the market value measured by
the difference in the immediate pre-injury value of the property and the
immediate post-injury value before repairs, or (2) the cost-of-repair and
loss-of-use damages, including lost profits, but the recovery of both remedies constitutes
a double recovery.[2]  See
Parkway Co. v. Woodruff, 901 S.W.2d 434, 441 (Tex. 1995); Cogbill v. Martin, 308 S.W.2d 269, 271
(Tex.Civ.App.–Waco 1957, no writ), citing
Pasadena State Bank, 228 S.W.2d at 129; see
also Contreras, 361 S.W.3d at 181.  Double
recovery of damages is not permitted in Texas. 
See Parkway Co., 901 S.W.2d at
441; Southern Co. Mut. Ins. Co. v. First
Bank & Trust, 750 S.W.2d 170, 173-74 (Tex. 1988); Contreras v. Bennett, 361 S.W.3d 174, 181 (Tex.App.–El Paso 2011,
no pet.).  Similarly, a plaintiff who has
no election of remedies and is limited to the recovery of market-value damages for
his totally-destroyed property may not also recover lost-profit damages as this
would constitute an impermissible double recovery of damages in favor of the
plaintiff.  See Parkway Co., 901 S.W.2d at 441; Cogbill, 308 S.W.2d at 271; Pasadena
State Bank, 228 S.W.2d at 129; Contreras,
361 S.W.3d at 181; City of Houston,
554 S.W.2d at 246.

Wilde sought to recover and was awarded both
market-value damages for the cotton stripper as well as lost profits.  Because Wilde was limited to seeking only
market-value damages for his burned cotton stripper, the award of lost-profit
damages constitutes an impermissible double recovery.  Id.  As a result, the trial court erred when it
permitted the jury to consider and determine lost-profit damages.  We sustain Issue Two.  Having sustained Texas Farm’s second issue,
we need not address Issues Three or Four, which also challenge Wilde’s recovery
of lost profits.

Attorney’s Fees

In Issue Five, Texas Farm contends the
evidence is factually and legally insufficient to support the award of
attorney’s fees.  We need not address the
sufficiency of the evidence to support an award of attorney’s fees.

It has long been the American Rule that each
party pays its own lawyers.  MBM Financial Corp. v. Woodlands Oper. Co., 292
S.W.3d 660, 663 (Tex. 2009).  Recovery of
attorney’s fees is permitted only when authorized by statute, a contract
between litigating parties, or under equity. 
Akin, Gump, Strauss, Hauer & Feld,
L.L.P. v. National Dev. & Research Corp., 299 S.W.3d 106, 120 (Tex.
2009); Knebel v. Capital Nat’l Bank,
518 S.W.2d 795, 799 (Tex. 1974).

Section 38.001 of the Civil Practice and
Remedies Code permits the recovery of reasonable attorney’s fees, in addition
to the amount of a valid claim and costs, when a claim is for an oral or
written contract.  Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)
(West 2008).  To recover attorney’s fees
under Section 38.001(8), a plaintiff must prevail on a breach-of-contract claim
and recover some damages.  MBM Financial Corp., 292 S.W.3d at 666.

Section 541.152 of the Texas Insurance Code permits
a person who sustains actual damages to bring a private action for damages against
a person engaging in an act or practice defined to be an unfair or deceptive
act or practice in the business of insurance under Section 541.060, and a
prevailing plaintiff may obtain the amount of actual damages, plus court costs
and reasonable and necessary attorney’s fees. 
Tex. Ins. Code Ann §§
541.151(1), 541.152(a)(1) (West 2009 & Supp. 2012).

Because the jury found that Texas Farm
knowingly engaged in a deceptive or unfair settlement practice, one may
initially consider Wilde to be a prevailing plaintiff.  However, “[w]hether a party prevails turns on
whether the party prevails upon the court to award it something, either
monetary or equitable.”  Intercontinental Group Parntership v. KB
Home Lone Star L.P., 295 S.W.3d 650, 655 (Tex. 2009).  Consequently, a party that recovers no
damages, secures no declaratory or injunctive relief, obtains no consent decree
or settlement in its favor, receives none of the relief sought in its petition,
and receives nothing of value of any kind enjoys no benefit of “prevailing party”
status for a stand-alone breach-of-contract finding, and should not recover
attorney’s fees.  Id. at 655-56.

Because we reverse the award of market-value
and lost-profit damages, and because Wilde has not obtained any of the
specified relief that would permit a different outcome, Wilde has received
nothing of value, is not a prevailing party, and is not entitled to recover
attorney’s fees.  Id.  For this reason, we sustain
Issue Five.

CONCLUSION

Issues One, Two, and Five are sustained.  We reverse the judgment awarding market-value
damages, lost profits, and awarding attorney’s fees and render judgment that
Wilde take nothing.  Tex. R. App. P. 43.2, 43.3.

 

                                                                        GUADALUPE
RIVERA, Justice

November 30, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
The trial court’s charge did not include an instruction on treble damages.





[2]
Damages for diminution in value and damages for cost of repairs are not
duplicative if the diminution is calculated based on a comparison of the
original value of the property and the property’s post-repair value.  See
Parkway Co., 901 S.W.2d at 441, citing
Ludt v. McCollum, 762 S.W.2d 575, 576 (Tex. 1988).