Doug W. **WILSON** and Atelier Associates, Inc., Appellant,

v.

Steve **CHAZANOW**, Appellee.

No. 13–00–665–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 9, 2002.

Before Justices HINOJOSA, CASTILLO and AMIDEI.[1]

**OPINION**

Opinion by Former Justice AMIDEI (Assigned).

This is an appeal from an adverse jury verdict and judgment in a suit for damages to a large sapphire under the common law of bailment or contractual liability for negligence. Appellee Steve Chazanow was awarded the principal sum of $25,000 plus 10% post-judgment interest from June 28, 2000 until paid; $25,000 attorney's fees through the trial and judgment, an addi-

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003 (Vernon 1998).

tional $15,000 for attorney's fees in the event of an appeal to the court of appeals, and $5,000 for attorney's fees in the event of an appeal and/or writ of error to the Supreme Court of Texas.

Appellants Doug W. Wilson and Atelier Associates, Inc. present five issues claiming reversible error by the trial court: (1) entering judgment for appellee when there was no evidence of the value of the sapphire either before or after the alleged damage; (2) in failing to enter judgment for attorney's fees for First Specialty Insurance Company; (3) in entering judgment awarding attorney's fees to appellee; (4) in awarding possession of the sapphire to appellee; (5) in submitting jury questions No. 1 as to whether appellants damaged the sapphire in the course of their employment while in their care, No. 2 as to the reasonable cost to replace the sapphire, and No. 5 as to appellee's reasonable and necessary attorney's fees, and (6) in overruling appellants' motions for instructed verdict and to disregard and for judgment notwithstanding the verdict. We affirm.

## Standard of Review

"No evidence points of error must and may only be sustained when the record discloses: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; and (4) the evidence established conclusively the opposite of the vital fact." *Juliette Fowler Homes, Inc. v. Welch Assocs.*, 793 S.W.2d 660, 666 n. 9 (Tex.1990). "In reviewing the evidence under a no-evidence point, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor."

*Associated Indem. Corp. v. CAT Contracting*, 964 S.W.2d 276, 285–286 (Tex.1998). In evaluating legal sufficiency, we are required to determine whether the proffered evidence as a whole rises to the level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* at 286. If there is more than a scintilla of evidence to support the reasonable cost of the replacement value of the sapphire, then the evidence is legally sufficient, and we must overrule appellants' no evidence issue. *Juliette Fowler Homes*, 793 S.W.2d at 666. If the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence, more than a scintilla of evidence exists. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995); *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

"A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection." TEX. R. CIV. P. 274. "Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections." *Id.* As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context, and the trial court ruled on the request, objection, or motion, or alternatively refused to rule either expressly or implicitly, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a).

A party who seeks to alter the trial court's judgment or other appealable order

must file a notice of appeal. TEX. R. APP. P. 25.1(c). The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause. *Id.*

## Background

Appellee, a jeweler sold a sapphire and diamond ring to Mrs. Erla Zuber for $47,000. The wholesale value of the sapphire alone was $30,000. The ring was too big for Mrs. Zuber so appellee sent it to appellant Atelier Associates, Inc. for resizing. The resizing work was done by an employee of Atelier Associates, Doug Wilson. During a second attempt to resize the ring, the sapphire cracked in two to three places. After appellants' offer to substitute two lesser quality and sized sapphires was rejected by appellee and Mrs. Zuber, appellee found and paid for a suitable comparable sapphire that was acceptable to Mrs. Zuber at a cost of $29,740 for the sapphire and the mounting. Appellant Atelier Associates not only refused to pay appellee for the cost of the substituted sapphire and mounting but refused to return the original stone to appellee. Appellee filed a claim with his insurer, First Specialty Insurance Company, but was refused because the ring was damaged while in a third party's possession. Appellee filed suit, and after a trial the jury found (1) the sapphire was damaged by appellants; (2) the cost to replace the original ring, less its current reasonable value, was $25,000; (3) reasonable and necessary attorney fees for appellee's attorney included $25,000 for preparation and trial, $15,000 for appeal to the court of appeals, $5,000 for making or responding to a writ of error to the Supreme Court of Texas, $5,000 if application for writ of error is granted by the Supreme Court of Texas; and (4) reasonable and necessary attorney's fees for First Specialty's attorneys, $25,000 through the trial, $15,000 should an appeal be made to the court of appeals, and $10,000 should an application for writ of error be made to the Texas Supreme Court.

The trial court followed the jury findings to render judgment in favor of the appellee accordingly, ordered 10% simple interest from August 18, 1998 until June 28, 2000, and 10% post judgment interest compounded annually from June 28, 2000 until paid, and ordered the sapphire in question then being held in the registry of the court be released to appellee. Also, the trial court found that coverage for the ring in question under the policy issued by First Specialty Insurance Company was excluded but denied any attorney's fees to the insurance company. Appellee was denied any relief from Hans Mueller and Watches by Hans.

## Issues Presented

■ Appellants' issue number one states that the trial court committed reversible error by entering judgment for appellee, in that there was no evidence admitted at trial of the value of the subject stone either before or after the alleged incident of damage.

There was evidence of the before and after value of the sapphire: Mrs Zuber, the original purchaser paid appellee $47,000 for the original ring which contained the sapphire having a wholesale value of $30,000 before it was damaged. The ring's replacement value was appraised at $49,000. *Central Freight Lines, Inc. v. Naztec, Inc.,* 790 S.W.2d 733, 734 (Tex.App.-El Paso 1990, no writ). After the sapphire was severely damaged by appellants it was non-marketable and unacceptable to Mrs. Zuber, and appellee. The sapphire had to be replaced. Appellant Atelier Associates tendered two sapphires as a possible replacement, one valued at

$13,426 and the other valued at $19,270, but they were inferior to the original sapphire and were rejected. Appellee purchased a replacement sapphire for $29,700. Although appellants' jewelry appraiser and the insurance adjustor would not buy the sapphire in its damaged condition, and the sapphire was non-marketable, the appellants took the position during trial that the sapphire was not damaged at all. Mr. Lastovica testified that in his opinion the current wholesale value of the allegedly damaged sapphire was $25,000. Appellee took the position the damaged sapphire was valueless, and there was evidence from which the jury could have concluded it was worthless. Proof of a zero value or a total loss is sufficient evidence to support jury question number two as to the current value after the damage to the sapphire. *Id.* at 734–35. However, as argued by appellee the jury resolved the conflicting evidence, (1) that the sapphire retained its original value of $30,000, and (2) that it was so severely damaged it was worthless, to find $25,000 as the difference in value, the amount appellee is entitled as damages, which indicates there is some slight value remaining in the damaged sapphire. *Escalante v. Koerner*, 28 S.W.3d 641, 647 (Tex.App.-Corpus Christi 2000, no. pet.) (a jury may believe or disbelieve any or all of the testimony of any witness). There was evidence sufficient to support the before and after measure of damages had the case been submitted under such measure of damages.

Appellants' issue number one is overruled.

Appellants' issue number two argues the trial court erred in not entering judgment for attorney's fees for First Specialty Insurance Company.

Appellants' theory is that since they received an assignment from First Specialty after the trial, they are autho-rized to further an appeal on behalf of First Specialty although the assignment did not authorize them to appeal in the name of First Specialty. Appellee contends that we cannot grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause. Tex. R. App. P. 25.1(c). We agree. First Specialty did not file a notice of appeal. Appellants were not substituted as a party in place of First Specialty under rule 7.1(b) of the Texas Rules of Appellate Procedure in order that they could file a notice of appeal to appeal First Specialty's rights, if any. Appellants cannot now use their own notice of appeal to challenge the trial court's failure to award them attorney's fees they believe First Specialty should have been awarded. If appellants had desired to substitute themselves for First Specialty, they should have filed a motion to do so in time to file the notice of appeal for First Specialty although their names would be substituted for First Specialty simultaneously with the granting of their motion and the filing of the notice of appeal. While we may order substitution of parties at any time during an appeal, the party to be substituted for must be a party to the appeal by having filed a notice of appeal or having enough time to file a notice of appeal. First Specialty did not become a party to this appeal.

Even if appellants had been properly substituted as a party in the case in place of First Specialty, the trial court did not abuse its discretion by refusing to award attorney's fees to First Specialty. The jury only found amounts of fees and did not find First Specialty was entitled to attorney's fees. It was within the sound discretion of the trial court to decide whether or not to award attorney's fees in a declaratory judgment action. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon

1997); *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998).

Appellants' issue number two is overruled.

Appellants' issue number three contends that the trial court erred in entering judgment for appellee for attorney's fees against appellants.

█ Appellant objected in the trial court that appellee's attorney could not testify as to attorney's fees because he was not listed on the expert witness list but the trial court allowed his testimony after ruling as follows:

> I'm going to go with substance over form. I think it was a mistake he was designated as a fact witness and not expert witness. In light of Mr. Alexander's representations that there is no documents that he relied on or that support his testimony, then I'm going to let him testify.

The trial court properly exercised her discretion and found good cause as the appellants knew appellee's attorney was going to testify regarding attorney's fees. *See Gee v. Liberty Mut. Fire Ins.,* 765 S.W.2d 394, 395 (Tex.1989).

█ Attorney's fees may be awarded in common law suit for negligence of a bailee. *Olin Corp. v. Cargo Carriers, Inc.,* 673 S.W.2d 211, 217 (Tex.App.-Houston [14th Dist.] 1984, no writ). Appellee's attorney's testimony as to attorney fees was exactly the amounts as found by the jury. Appellants further complain that appellee's attorney did not provide opinions, a resume, time slips or other documentation but cite no authority which requires an attorney to provide such documentation. Appellants made no objection to the trial court that there was no such documentation.

Appellants' issue number three is overruled.

Appellants' issue number four claims the trial court erred in entering judgment that the sapphire in question, being held in the registry of the court, be released to appellee.

█ We cannot consider issue number four because appellants' brief fails to make appropriate citations to authorities to support the issue. TEX. R. APP. P. 38.1(h). Even if some authority had been cited by appellants, we cannot reverse the trial court judgment merely because it is based on an insufficient or erroneous reason, if it is correct on any theory of law applicable to the case. *Pope v. American Nat'l Ins. Co.,* 443 S.W.2d 377, 381 (Tex. App.-Tyler 1969, writ ref'd n.r.e.); *Trigg v. Blakemore,* 387 S.W.2d 465, 468 (Tex.Civ. App.-Austin 1965, writ ref'd n.r.e.). Using the analogy of where an insurance company pays a claim for a total loss of an automobile but retains the automobile, appellants argue now the sapphire was a total loss of and since they are now liable for the loss, they should be entitled to the damaged sapphire. The jury's answer to question number two does not ask whether the damaged stone was a total loss, although there was evidence from which the jury could have found total loss had the question been so framed. The jury determined the reasonable cost of replacement minus the current reasonable value was $25,000. Since the wholesale value of the sapphire was $30,000, there remains a value of $5,000. Appellants complain that the trial court should have initiated some proceeding to determine whether the sapphire was a total loss, but do not cite any jury issue they requested which would have made such determination. TEX. R. APP. P. 38.1(f). There were no pleadings to support appellants' recovery of the damaged sapphire even if it had been found to be a total loss. Appellee argues that the jury

concluded there was some value left in the damaged sapphire. Next, appellants argue that appellee's attorney stated the sapphire's value was zero but he did not testify as an expert as to the value of the sapphire, and when he made such statement the case had not been submitted to the jury. Further, appellants complain that appellee's attorney agreed with the legal conclusion that under the total loss car payoff by an insurance company analogy, the sapphire would be Mr. Mueller's. However, appellee's attorney was arguing with the court and other attorneys prior to the submission of the case to the jury, and his conclusion was not intended or formalized as a stipulation or agreement. In any event, even if there was such an agreement, it could not be effective or binding since the jury did not make a finding of total loss.

Appellants' issue number four is overruled.

■ Appellants' issue number five contends the trial court erred in submitting questions 1, 2, and 5 to the jury.

Appellants' brief does not set out any objections to questions 1, 2, and 5 that they may have made to the trial court prior to the submission of the charge to the jury. Apparently, appellants' theory is that appellee's failure to comply with rule 194.2(f) of the Texas Rules of Civil Procedure resulted in the court excluding all evidence of the value of the sapphire after it was damaged. However, as discussed above there was sufficient evidence to support the submission of the jury questions. *Central Freight Lines, Inc.*, 790 S.W.2d at 734–35. Appellants did not agree that the case was submitted on a replacement measure of damage rather than a before and after measure of damage but there was sufficient evidence to submit the damage question on either measure of damage theory. The trial court properly overruled

appellants' motions for instructed verdict and for judgment notwithstanding the verdict. Again appellants do not cite any applicable authority to support issue number five.

Appellants' issue number five is overruled.

The judgment of the trial court is affirmed.