NUMBER 13-01-295-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
                                                                                                                      

FREDERICA CASILLAS,                                                            Appellant,

v.

TILLIE CASILLAS CANO,                                                           Appellee.
                                                                                                                                      

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza 
Memorandum Opinion by Justice Garza

          Appellant, Frederica Casillas, appeals from the judgment of the trial court in favor of
appellee, Tillie Cano, and against her and Richard Collins, jointly and severally. Because
the trial court erred in allowing Frederica to be added as a defendant in a post-trial
amendment of plaintiff’s pleadings, we reverse and render. 
I. Background
          Frederica and her husband, Jose Casillas, were divorced and their marital estate was
divided on December 5, 1995. Following their divorce, Frederica and Jose engaged in a
lengthy pattern of litigation against each other involving their property and divorce decree. 
This Court has previously recited this history in detail in Collins v. Cano, No. 13-00-242-CV,
2002 Tex. App. LEXIS 547 (Corpus Christi Jan. 17, 2002, no pet.), and we will not repeat
it here. In the judgment immediately underlying this appeal, Jose’s sister and caretaker,
Tillie Cano, won a judgment of $357,040 against Frederica (who is now deceased and
represented by her daughter, Jeanette Low) and Richard Collins, a financial investigator
hired by Frederica. The judgment against Collins, erroneously based on a post-answer
default judgment, was subsequently reversed and remanded by this Court. See id. at *23. 
However, because the judgment assigned joint and several liability to each defendant,
Frederica remains liable for the full $357,040 in damages. She appeals the judgment
against her in fifteen separate issues. 
II. Post-Trial Amendment
A. Standard of Review
          By her first issue, Frederica alleges that the trial court erred in allowing Cano to
amend her pleadings post-trial and pre-judgment in order to add Frederica to Cano’s claims
against Collins.  
          A trial court may allow either party to amend their pleadings in order to better
conform to the evidence. Tex. R. Civ. P. 63, 66. The court has no discretion to refuse an
amendment unless: (1) the opposing party presents evidence of surprise or prejudice; or
(2) the amendment asserts a new cause of action or defense, making it prejudicial on its
face, and the opposing party objects to the amendment. Tex. R. Civ. P. 66; Greenhalgh v.
Serv. Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex. 1990). If the amendment is not
mandatory, the trial court’s decision to permit or deny the amendment will not be disturbed
unless there is a clear abuse of discretion. See State Bar of Tex. v. Kilpatrick, 874 S.W.2d
656, 658 (Tex. 1994). 
          An amendment is substantive and therefore prejudicial on its face if it adds
allegations that have no common elements with and require different evidentiary proof than
the issues raised in the live pleading, and if the inclusion of these allegations at the outset
would have reshaped the nature of the trial itself. See id.; Chapin & Chapin, Inc. v. Tex.
Sand & Gravel Co., 844 S.W.2d 664, 665 (Tex. 1992) (per curiam); Price v. Short, 931
S.W.2d 677, 685-86 (Tex. App.–Dallas 1996, no writ).
B. Facts
          The case underlying this appeal was initially triggered when Frederica sued both her
ex-husband Jose and his sister Cano for fraudulent conveyance of property. Cano filed a
counterclaim against Frederica for declaratory judgment, seeking: (1) a declaration that
there was no basis in law and fact for Frederica’s false allegations that she is a judgment
creditor and that Jose made fraudulent conveyances of property to Cano; and (2) attorney’s
fees and other reasonable expenses incident to defending against the false allegations
brought by Frederica. 
          Frederica answered Cano’s counterclaim, then non-suited both Cano and Jose. 
Cano also filed a third-party petition against Collins as third-party defendant. This petition
alleged that Collins had: (1) engaged in the unauthorized practice of law by advising,
assisting, and participating with Frederica in connection with filing groundless pleadings with
false claims to property owned by Cano; (2) advised, assisted, and participated with
Frederica in imposing a cloud on the title owned by Cano as a result of filing the groundless
pleadings and notice of lis pendens; (3) advised, assisted, and participated with Frederica
in tortiously interfering with Cano's rights and ownership of the property and the judicial
process and legal rights of Cano; (4) advised, assisted and participated with Frederica in
connection with intentional infliction of emotional distress on Cano, causing her to suffer
aggravation of her poor physical health, physical pain and mental anguish; and (5) failed
and refused to advise Frederica to dismiss the groundless pleadings and cancel the
groundless notice of lis pendens. 
          On November 1, 1999, Collins failed to appear at trial on the counterclaim against
Frederica and the third-party petition against Collins. Following trial, on November 15,
1999, the trial court allowed Cano to file a post-trial amended petition which added
Frederica as a defendant in the third-party petition against Collins and also added a claim
in the third-party petition asserting that Frederica was jointly and severally liable with Collins
for all damages caused to Cano.
          Judgment was rendered on January 13, 2000 against Frederica and Collins jointly
and severally. The trial court found that their actions against Cano and Jose were
groundless and were taken in bad faith and for the purposes of harassment, and rendered
judgment of $357,040 in damages. In her findings of fact and conclusions of law, the judge
also specifically concluded that Cano was entitled to a declaratory judgment against
Frederica. All relief requested but not granted in the judgment was denied. 
C. Analysis
          By her first issue, Frederica asserts that the post-trial amendment of the pleadings
alleged new causes of action against her and was therefore prejudicial on its face. We
agree.
          Frederica appeared in court to defend Cano’s counterclaim against her, which
consisted solely of a request for declaratory judgment and attorney’s fees. Frederica did
not, at the time, face liability in tort or for any other allegations of wrongdoing. She also did
not, at that time, face any liability stemming from her relationship to Collins. Frederica was
not a party to Cano’s third-party claim against Collins which involved allegations of tortious
acts and a request for monetary damages. Although the counterclaim and third-party claim
were tried at the same time, they clearly involved separate causes of action and separate
defendants, and required different elements of evidentiary proof. Thus, adding Frederica
to Cano’s third-party petition against Collins asserted a new cause of action against her.
          Because a post-verdict amendment which asserts a new cause of action is
prejudicial on its face, we must conclude that the court abused its discretion in granting the
amendment unless the matter was tried by consent. See Tex. R. Civ. P. 67; Bell v. Meeks,
725 S.W.2d 179, 180-81 (Tex. 1987); Libhart v. Copeland, 949 S.W.2d 783, 797 (Tex.
App.–Waco 1997, no writ). A matter is tried by consent only in those exceptional cases
where it clearly appears from the record as a whole that the parties tried an unpled issue
by consent. Gutierrez v. Gutierrez, 86 S.W.3d 721, 729 (Tex. App.–El Paso 2002, no pet.). 
To determine whether the issue was tried by consent, we examine the record not for
evidence of the issue, but rather for evidence of trial of the issue. Id. A matter is
considered to have been tried by consent when both sides advance arguments addressing
it, see Sage St. Assocs. v. Northdale Constr. Co., 863 S.W.2d 438, 445 (Tex. 1993), or
when one side fails to object to the other side’s testimony regarding the unpled issue. See
Southwestern Resolution Corp. v. Watson, 964 S.W.2d 262, 264 (Tex. 1997); see also
Texas Indus., Inc. v. Vaughan, 919 S.W.2d 798, 803 (Tex. App.–Houston [14th Dist.] 1996,
writ denied) (“An objection, on the record, . . . precludes trial by consent.”).
          Frederica objected repeatedly during trial to the impropriety of arguments implicating
her in the claims against Collins, pointing out that the counterclaim against her was solely
for a declaratory judgment and that it failed to assert any causes of action allowing recovery
for intentional infliction of emotional distress or tortious interference with a contract, or
indicating that a relationship of vicarious liability existed between Collins and Frederica. 
These objections precluded the claims from being tried by consent. See Libhart, 949
S.W.2d at 797; Vaughan, 919 S.W.2d at 803. 
          We conclude that the post-trial amendment of Cano’s pleadings asserted new
causes of action against Frederica, making it prejudicial on its face. See Greenhalgh, 787
S.W.2d at 939. We further conclude that the new causes of action alleged in the amended
pleadings were not tried by consent. See Wendell v. Central Power & Light Co., 677
S.W.2d 610, 618 (Tex. App.–Corpus Christi 1984, writ ref’d n.r.e.). We therefore agree with
Frederica that the trial court erred and abused its discretion by allowing Cano to amend her
pleadings after trial. 
          The trial court granted both the declaratory relief requested by Cano in her
counterclaim against Frederica and monetary damages stemming from the allegations
against Collins as a third-party defendant. Attorney’s fees were also awarded to Cano. 
Because Frederica should not have been added to the third-party pleadings, we conclude
that she is not jointly and severally liable with Collins for the damages awarded and is only
liable for the declaratory judgment rendered against her, which she did not appeal, and
attorney’s fees. Frederica’s first issue on appeal is sustained. 
III. Attorney’s Fees
          By her ninth and tenth issues, Frederica contests the award of attorney’s fees. The
trial court, after receiving evidence regarding attorney’s fees, awarded Cano $53,920 in
fees. Frederica complains that this amount includes fees generated by legal representation
for all of the various claims and counterclaims involved in this suit. She claims that the fees
should have been segregated to reflect only fees involved in the declaratory judgment
action against her. Cano asserts in response that the claims involved were so inextricably
intertwined as to be incapable of segregation. We agree.  
          In a declaratory judgment action, the decision to grant or deny attorney’s fees is
within the sole discretion of the trial court. Tex. Civ. Prac. & Rem. Code Ann. § 37.009
(Vernon 1997); Wilson v. Chazanow, 105 S.W.3d 21, 26 (Tex. App.–Corpus Christi 2002,
no pet.). This Court should not reverse the lower court’s decision regarding attorney’s fees
absent a clear abuse of discretion. Texstar North Amer. Inc. v. Ladd Petroleum Corp., 809
S.W.2d 672, 679 (Tex. App.–Corpus Christi 1991, writ denied). 
          A party seeking attorney’s fees must show that the fees were incurred on a claim that
allows recovery of such fees, and thus is ordinarily required to segregate fees incurred on
claims allowing recovery of fees from those that do not. Stewart Title Guar. Co. v. Aiello,
941 S.W.2d 68, 73 (Tex. 1997). However, segregation is not required when there are
multiple claims and counterclaims involved in the same or related suits, and at least one
claim upon which the court grants judgment allows for the recovery of attorney’s fees. See
id.; Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d 112, 129-31 (Tex.
App.–Corpus Christi 1999, pet. denied) (trial court did not abuse discretion in declining to
segregate attorney’s fees between various claims and counterclaims in complex case).
          The course of this litigation has unquestionably been extremely complex. The
declaratory judgment awarded in favor of Cano for which these attorney’s fees were
awarded was part of a counterclaim to Frederica’s original claims against both Cano and
her brother Jose. We conclude that the trial court properly granted attorney’s fees, as
Frederica was liable in a declaratory judgment action, see Wilson, 105 S.W.3d at 26, and
further, that the trial court did not abuse its discretion in determining that attorney’s fees
could be awarded without segregation. See Pegasus Energy, 3 S.W.3d at 131. Frederica’s
ninth and tenth issues are overruled. 
IV. Conclusion
          Because we have sustained Frederica’s first issue and agree that she is only liable
for Cano’s declaratory judgment action against her, we decline to address the remaining
issues on appeal as unnecessary. Tex. R. App. P. 47.1. We reverse the decision of the trial
court and render judgment that: (1) Frederica Casillas is not jointly and severally liable for
the damages awarded against Collins in Cano’s third-party petition against Collins; and (2)
Frederica Casillas is liable for attorney’s fees to Cano in the amount of $53,920._________________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Memorandum Opinion delivered 
and filed this the 12th day of August, 2004.